**James KING**

**v.**

**Glen R. JEFFES and Charles Zimmerman.**

**Civ. A. No. 85–2168.**

United States District Court,
E.D. Pennsylvania.

April 30, 1985.

_____

**MEMORANDUM OPINION
AND ORDER**

WEINER, District Judge.

Plaintiff, an inmate at State Correctional Institute at Graterford, filed a pro se civil rights action under 42 U.S.C. § 1983 against defendants Glen R. Jeffes and Charles Zimmerman. Plaintiff was found guilty and sentenced by the Court of Common Pleas. Plaintiff alleges, however, that because his bail was not revoked at any time, he is presently being held illegally, and that the validity of the bond continues pursuant to Rule 4011 of the Pennsylvania Rules of Criminal Procedure. Plaintiff requests injunctive relief and declaratory judgment in addition to damages. Plaintiff has also filed a petition to proceed in forma pauperis. For the reasons which follow, we dismiss plaintiff's complaint.

The complaint alleges that plaintiff's incarceration is unlawful because of the existence of an outstanding bail bond. It is clear from plaintiff's complaint that the conditions of the confinement are not challenged, but rather, the fact of confinement itself.

Under the doctrine of *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), when a state prisoner challenges the fact or duration of his physical confinement, his sole federal remedy is a writ of habeas corpus. *Id.* at 500, 93 S.Ct. at 1841–42. "A § 1983 action lies

when a prisoner attacks something other than the validity, fact or duration of his confinement: that 'something other' consists of the conditions of confinement—which must mean, if nothing else, the regime under which the prisoner lives, the treatment he experiences, the procedures that govern or shape the course of that treatment." *Johnson v. Fauver*, 559 F.Supp. 1287, 1292–93 (D.N.J.1983).

Although plaintiff's complaint seeks an award of compensatory damages, the primary relief sought is a declaration of the unconstitutionality of plaintiff's incarceration while a bail bond is still allegedly operative. Plaintiff asserts that Rule 4011 of the Pennsylvania Rules of Criminal Procedure authorizes release on bail pending "full and final disposition of the case."[1]

In *Ross v. Meagan*, 638 F.2d 646 (3d Cir.1981), the Court of Appeals reversed a district court's dismissal of a § 1983 damages action, holding that the district court erred in reading the complaint as "a challenge to the fact or duration of confinement," because the relief sought was an award of damages, not a release from confinement. *Id.* at 649, citing *Preiser v. Rodriguez*, 411 U.S. at 494, 93 S.Ct. at 1838. The plaintiffs in *Ross* sought declaratory judgment and monetary damages against state officials who had allegedly arrested them without probable cause and denied them constitutionally adequate hearings prior to extradition. These allegations did not present a challenge to the validity of their incarceration. On the facts alleged, they were entitled to nothing more than an award of damages against the arresting and extraditing officials. Because a resolution by the district court of these claims would not determine issues which *Preiser* requires to be presented to the state courts in the first instance, the Court of Appeals declined to read the complaint as a "challenge to the fact or duration of confinement."

Unlike the complaint in *Ross*, plaintiff's complaint in the action *sub judice* clearly challenges, in all respects the fact or duration of confinement. Although plaintiff is seeking monetary damages, he can recover these damages only if he first establishes his entitlement to the injunctive relief sought in his complaint. A grant of injunctive relief would require a declaration of the unconstitutionality of plaintiff's incarceration while a bail bond is still in effect. Clearly, the complaint presents a claim governed by habeas corpus proceedings and must be construed as a request for a writ of habeas corpus.

█ Even under the liberal construction standard afforded pro se complaints by *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), plaintiff's complaint cannot survive. A petition for a writ of habeas corpus will not be considered by a federal court unless state court remedies have been exhausted. 28 U.S.C. 2254(b) and (c); *Pitchess v. Davis*, 421 U.S. 482, 486, 95 S.Ct. 1748, 1751, 44 L.Ed.2d 317 (1975); *Codispoti v. Howard*, 589 F.2d 135 (3d Cir.1978). One purpose of the exhaustion doctrine is to give state courts "one final chance" to rule on petitioners' claims. *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975). Another purpose is "to permit the state courts to correct any errors which may have crept into their criminal process without interference from outside sources." *United States ex rel. Laughlin v. Russell*, 282 F.Supp. 106 (E.D.Pa.1968).

Since a federal court's entertainment of a writ of habeas corpus is requisite upon a showing of the exhaustion of state remedies, 28 U.S.C. § 2254, and plaintiff has failed to make any such showing, defendants are entitled to judgment as a matter of law.

█ Petitioner has filed a request for leave to proceed in forma pauperis. The right to proceed in forma pauperis, particu-

---

**1.** Rule 4011 of the Pennsylvania Rules of Criminal Procedure reads as follows: "Unless bail is revoked, the bond shall be valid until full and final disposition of the case, including all ave-

nues of direct appeal to the Supreme Court of Pennsylvania and to the Supreme Court of the United States by writ of certiorari or appeal."

larly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances. *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir.1976), citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir.1969). Petitioner has filed the required affidavit, which we have reviewed and have found sufficient to excuse his obligation to fund this action.