### William TAYLOR

v.

### Edward ROBERTSON et al.

### Civ. A. No. 89–0578.

United States District Court, E.D. Pennsylvania.

Feb. 2, 1989.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

The plaintiff has submitted a *pro se* 42 U.S.C. § 1983 civil rights complaint against two witnesses who testified against him at his criminal trial, and the Philadelphia police department, alleging the defendants "knowingly, intentionally, and falsely" gave false testimony, perjured themselves, and fabricated evidence.

■ The plaintiff has filed a request to proceed *in forma pauperis.* Whenever the required affidavit of poverty is filed, the right to proceed *in forma pauperis* should be granted, except in extreme circumstances. *Sinwell v. Shapp,* 536 F.2d 15, 19 (3d Cir.1976). This is particularly appropriate when the plaintiff is acting *pro se,* as the plaintiff is in this case. Therefore, leave to proceed *in forma pauperis* is granted. *See King v. Jeffes,* 630 F.Supp. 400, 401–02 (E.D.Pa.1985).

■ In *Brawer v. Horowitz,* 535 F.2d 830, 836 (3d Cir.1976), the Third Circuit held that witnesses are immune from liability in a § 1983 civil rights action. *See Williams v. Hepting,* 844 F.2d 138 (3d Cir. 1988); *e.g., Dodson v. Lloyd,* No. 88–8677 (E.D.Pa. Dec. 7, 1988) [1988 WL 136517] [available on LEXIS, 1988 U.S.Dist. LEXIS 14214].

The plaintiff requests damages in excess of "(12) million of dollars or more" in his complaint, but it is in essence a point-by-point rebuttal to the evidence presented against him at trial. If the plaintiff wishes to challenge his conviction, he has a number of legal alternatives, but a § 1983 action against the witnesses who testified at his trial is not one of them.

Accordingly, this complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).