ROSS, Daniel, Martin, Jerryl, Appellants,

v.

Detective MEAGAN, Individually and in his person as Detective of the Philadelphia Fugitive Unit, his superior, his agent, servants, employees and successors in interest, Police Administration Building, Philadelphia, Pennsylvania 19107; Milton Shapp, Individually and in his person as Governor of the Commonwealth of Pennsylvania, his agent, servants, employees, and successors in interest, Room 238, Main Capitol Building, Harrisburg, Pennsylvania 17120; Glen Price and Charles F. Gallagher, Individuals and in their person as Assistant District Attorneys, their superior, his agent, servants, employees, and successors in interest, District Attorney's Office, 2300 Centre Square West, Philadelphia, Pennsylvania 19102; Owen Larrabee and Thomas R. Hurd, Individuals and in their person as Assistant Public Defenders, their superior, his agent, servants, employees, and successors in interest, Defender Association of Philadelphia, 1526 Chestnut Street, Philadelphia, Pennsylvania 19102.

No. 79–1920.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule
12(6) Dec. 31, 1980.

Decided Jan. 16, 1981.

Daniel Ross, pro se.

Jerryl Martin, pro se.

Charles A. Fisher, Asst. Dist. Atty., Michael F. Henry, Chief, Motions Div., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Edward G. Rendell, Dist. Atty., Philadelphia, Pa., for appellees, Price and Gallagher.

Before ALDISERT, HUNTER and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The major question for decision is whether the district court abused its discretion in refusing to permit amendment of a *pro se* complaint against a Philadelphia detective and a former governor of Pennsylvania. We conclude that the refusal to permit amendment was an abuse of discretion with respect to these two defendants, but we affirm the judgment of the district court with respect to the other defendants.

I.

Appellant Jerryl Martin was arrested by Philadelphia police on February 5, 1977, on charges of possessing a controlled substance. Upon processing, an outstanding North Carolina warrant was discovered. After a hearing on April 25, 1977, Martin was extradited to North Carolina.

Appellant Daniel Ross was arrested on May 27, 1977, by federal authorities in the Eastern District of Pennsylvania, on a warrant issued by a United States Magistrate in North Carolina charging unlawful flight to avoid confinement, 18 U.S.C. § 1073. At a removal hearing on June 2, 1977, on motion of the United States Attorney, the federal charges against Ross were dismissed, but Ross was turned over to Philadelphia Police Detective Meagan, who had an arrest warrant issued by the Court of Common Pleas of Philadelphia County. This warrant apparently was based on outstanding North Carolina criminal charges. Ross unsuccessfully challenged extradition in the Pennsylvania court system by filing a petition for writ of habeas corpus. He was then extradited to North Carolina.

Martin and Ross initiated this action in October, 1978, by submitting a complaint for a declaratory judgment and monetary damages under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Defendant-appellees include Detective Meagan of the Philadelphia Fugitive Unit, former Pennsylvania Governor Milton Shapp, Assistant District Attorneys Glen Price and Charles F. Gallagher, and Assistant Public Defenders Owen Larrabee and Thomas R. Hurd. On December 12, 1978, the United States Magistrate submitted a Report to the district court recommending that appellants be permitted to proceed in forma pauperis and that the complaint be dismissed as frivolous. The district court approved and adopted the Report and Recommendation on December 19, 1978, and ordered the complaint dismissed. On January 15, 1979, appellants moved for an extension of time in which to object to the Magistrate's Report and Recommenda-

tion, to set aside the court's order approving the Recommendation, and for leave to amend their complaint. The district court denied the motion on March 12, 1979, and appellants filed a timely appeal from the order denying that motion.

Appellants' complaint alleges that the defendants conspired to deny their constitutional rights under the fourth and fourteenth amendments, that they denied appellants hearings on probable cause at the time of their arrests, that they deliberately deprived appellants of due process at their extradition hearings, and that they knowingly violated provisions of the Uniform Criminal Extradition Act, 42 Pa.Cons.Stat. Ann. §§ 9121–9148. The district court, adopting the magistrate's Report, held that the two prosecutors and the two public defenders are entitled to absolute immunity for their judicial actions and therefore that the claims against them must be dismissed. As to the remaining defendants, the court held that appellants must seek relief by way of habeas corpus and not under the Civil Rights Acts because they were, "in effect, protesting the legality of their confinement." Magistrate's Report and Recommendation at 5. The court also found no allegations in the complaint that Governor Shapp either knew of or acquiesced in any violation of appellants' constitutional rights and held that § 1983 liability cannot be based on a theory of respondeat superior.

■ We construe appellants' motion of January 15 as a motion for relief from a final order under Rule 60(b), Fed.R.Civ.P. *See Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 272, 98 S.Ct. 556, 565, 54 L.Ed.2d 521 (1978) (Blackmun, J., concurring); 7 J. Moore, Federal Practice ¶ 60.27[1] at 350 (2d ed. 1979); *id.*, ¶ 60.42 at 903. A Rule 60(b) motion is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Id.*, ¶ 60.27[1] at 351; *see also Browder*, 434 U.S. at 263 n.7, 98 S.Ct. at 560

n.7; *Virgin Islands National Bank v. Tyson*, 506 F.2d 802, 804 (3d Cir. 1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). The district court, treating the motion as a "request for reconsideration," denied the request because it had previously "determined that the complaint is frivolous and cannot be corrected by amendment." Order of March 12, 1979, at 2.

## II.

We begin by examining the district court's order of December 19, 1978, dismissing the complaint, which the court refused to reconsider on March 12, 1979. Appellants did not appeal from the order of December 19, so we do not have jurisdiction to review that order for error. However, we must necessarily consider the correctness of that order to determine whether the district court abused its discretion in refusing the request for reconsideration.

■ It is clear that four of the six defendants enjoy absolute immunity from civil liability in their quasi-judicial capacities. The district court correctly concluded that prosecutors Price and Gallagher [1] enjoy absolute immunity for activities intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976); *see also Mancini v. Lester*, 630 F.2d 990 (3d Cir. 1980); *Forsyth v. Kleindienst*, 599 F.2d 1203 (3d Cir. 1979), *petition for cert. filed sub nom. Mitchell v. Forsyth*, 48 U.S.L.W. 3481 (U.S. Jan. 18, 1980) (No. 79–1120). Under *Mancini* and *Forsyth*, the federal courts must apply a functional analysis to determine whether the prosecutors' acts fall within the bounds of "judicial," as opposed to "investigative or administrative," duties. *See Mancini*, 630 F.2d at 992–94; *Forsyth*, 599 F.2d at 1212–16. While the district court did not employ such an analysis, it is clear from the complaint that appellants are challenging the "judicial" process relating to their extraditions. Public defenders Larrabee and Hurd enjoy the

---

1. Only appellees Price and Gallagher, the Assistant District Attorneys, have filed a responsive brief in this court.

same immunity. *Waits v. McGowan*, 516 F.2d 203, 205 (3d Cir. 1975); *Brown v. Joseph*, 463 F.2d 1046 (3d Cir. 1972), *cert. denied*, 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1973). Because their actions were part of the judicial process, they cannot be held liable for damages under the Civil Rights Acts.[2] A complaint that sets out sufficient facts to demonstrate affirmatively that the plaintiff has no right to recover is properly dismissed without leave to amend. *See, e. g., Estelle v. Gamble*, 429 U.S. 97, 107–08 & n.16, 97 S.Ct. 285, 292 & n.16, 50 L.Ed.2d 251 (1976). Thus, the district court's dismissal with respect to these four appellees was correct, and its refusal to reconsider or to permit amendment was not an abuse of discretion.

■ The two remaining appellees, Detective Meagan and former Governor Shapp, are entitled to a qualified immunity for official actions taken in good faith.[3] The district court did not rely on this qualified immunity, however, and the complaint does not allege that these two officials acted in good faith. The court held that appellants' sole federal remedy for a challenge to the fact or duration of confinement is by way of habeas corpus. Magistrate's Report and Recommendation at 5, *citing Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The court noted that appellants' "chief complaint is that they were entitled to a hearing at the time of arrest, to determine if there was probable cause for their arrests" and held that Meagan and Shapp had "no duty to provide such a determination." *Id.* at 5, 6. The court held that Detective Meagan's police duties do not include providing a judicial determination of probable cause, and that Governor Shapp cannot be held liable for the defaults of his subordinates because "[t]raditional notions of respondeat superior are inapplicable in 1983 cases." *Id.* at 6, *citing Hamp-*

ton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).

We do not read the complaint as a "challenge to the fact or duration of confinement." Appellants seek an award of damages, not release from their current confinement.

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy. Accordingly, . . . a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies.

*Preiser v. Rodriguez*, 411 U.S. at 494, 93 S.Ct. at 1838.

■ Nor do we read the complaint as limited to the failure to hold a hearing to determine whether there was probable cause to detain the appellants pending further proceedings, as required by *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Generously construed, the complaint alleges, in addition to the denial of a probable cause hearing, that appellees conspired to deny appellants' constitutional rights, that they intentionally and maliciously denied appellants due process in their extradition hearings, and that they knowingly violated the Extradition Act. Contrary to the determination of the district court, paragraph 7 of the complaint does allege that Governor Shapp "knew, that [appellants] were being illegally arrested and detained without probable cause," and that he acquiesced in this illegal conduct by failing to act. If appellants can establish these allegations as facts at a trial, unlikely though that may seem, they

---

2. The same reasons that underlie granting immunity to prosecutors and public defenders in § 1983 actions, *see, e. g., Imbler*, 424 U.S. at 421–29, 96 S.Ct. at 990–994, *Brown*, 463 F.2d at 1048–49, require its extension to the other sections of the Civil Rights Acts as well.

3. *See Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

may be entitled to relief under § 1983.[4] The legal points raised by the complaint are at least "arguable on their merits," *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Therefore, the complaint cannot properly be characterized as irreparably frivolous. *See United States ex rel. Walker v. Fayette County, Pennsylvania,* 599 F.2d 573 (3d Cir. 1979) (per curiam); Federal Judicial Center, Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts 59, Standard D(1) (1980) (hereinafter cited as Aldisert Committee Report).

As the magistrate correctly noted in his Report, which was approved and adopted by the district court, this court has consistently demanded that a civil rights complaint contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs. *See, e. g., Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922–23 (3d Cir. 1976); *Kauffman v. Moss,* 420 F.2d 1270, 1275–76 & n.15 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967). We do not view this requirement as inconsistent with *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam), which requires us to hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." We apply the *Haines* standard to complaints containing "specific allegations of unconstitutional conduct," but our case law requires dismissal of complaints which "contain only vague and conclusory allegations." *Rotolo,*

532 F.2d at 922; *Gray v. Creamer,* 465 F.2d 179, 182 n.2 (3d Cir. 1972).

We also have held consistently, however, that failure to permit amendment of a complaint dismissed for want of specific allegations constitutes an abuse of discretion. *Rotolo,* 532 F.2d at 923; *Kauffman,* 420 F.2d at 1276. *See also* Aldisert Committee Report at 59, Standard D(1). We conclude that the district court's refusal to permit amendment, considered in the light of accepted legal principles and all the relevant circumstances, was an abuse of discretion.

Although we reverse the district court's order of March 12, 1979, and remand with instructions to permit appellants to amend their complaint, we are aware of the obstacles they yet face in seeking relief. They must submit to the district court, within a reasonable time, amended complaints [5] setting forth the specific conduct of appellees Meagan and Shapp that allegedly has caused them harm. If they are able to plead facts sufficient to survive a motion to dismiss, they face the burden of proving official misconduct before they may recover damages. Before trial they will be required to resist the inevitable motions for summary judgment. At this juncture, however, we hold only that they must be permitted a second opportunity to submit a complaint setting forth a claim upon which relief can be granted.

### III.

The order of the district court refusing to permit appellants to amend their complaint against Detective Meagan and Governor

---

4. *See, e. g., Crumley v. Snead,* 620 F.2d 481 (5th Cir. 1980); *Brown v. Nutsch,* 619 F.2d 758 (8th Cir. 1980); *McBride v. Soos,* 594 F.2d 610 (7th Cir. 1979); *Wirth v. Surles,* 562 F.2d 319 (4th Cir. 1977), *cert. denied,* 435 U.S. 933, 98 S.Ct. 1509, 55 L.Ed.2d 531 (1978); *Sanders v. Conine,* 506 F.2d 530 (10th Cir. 1974); *Picking v. Pennsylvania R. Co.,* 151 F.2d 240 (3d Cir. 1945); *but see Raffone v. Sullivan,* 436 F.Supp. 939 (D.Conn.1977), *remanded without published opinion,* 595 F.2d 1209 (2d Cir. 1979); *Hines v. Guthrey,* 342 F.Supp. 594 (W.D.Va.1972); *Johnson v. Buie,* 312 F.Supp. 1349 (W.D.Mo. 1970).

5. Permissive joinder of plaintiffs in one action is governed by Rule 20(a), Fed.R.Civ.P. An essential element for permissive joinder is that all plaintiffs must assert a right to relief "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." As we read the complaint, Martin and Ross claim relief for similar but entirely distinct and separate transactions or series of transactions. Unless an amended joint complaint can show the nexus between both appellants' claims required by Rule 20(a), they must file separate complaints and proceed with separate actions. A coincidental similarity in the underlying facts will not permit appellants to proceed jointly.

Shapp will be reversed and the case will be remanded with instructions to permit appellants to submit amended complaints within a reasonable time. The judgment will be affirmed in all other respects.