John H. BARTEE

v.

Michael YANOFF, Esq., Maurino J. Rossanese, Esq., Hubert D. Yollin, Esq.

Civ. A. No. 80–0907.

United States District Court, E. D. Pennsylvania.

April 7, 1981.

Susan M. Warnock, LaBrum & Doak, Philadelphia, Pa., for plaintiff.

Stephen A. Madva, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Yanoff.

Timothy J. Galanaugh, Frank, Margolis, Edelstein & Scherlis, Philadelphia, Pa., for Rossanese.

Robert P. Corbin, German, Gallagher & Murtagh, Philadelphia, Pa., for Yollin.

## MEMORANDUM

CAHN, Judge.

### I. FACTS

Plaintiff, a prisoner in the State Correctional Institution at Graterford, Pennsylvania, has filed a *pro se* complaint [1] in which he contends that defendants, his former attorneys, have violated his constitutional rights by ineffectively assisting him in the criminal proceedings which have resulted in his present incarceration. Plaintiff seeks damages under the Civil Rights Act, alleging violations of 42 U.S.C. §§ 1983, 1985(2) and (3), 1986, and 1988. Plaintiff further alleges that this action is brought pursuant to the fifth, eighth and fourteenth amendments to the United States Constitution.

Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. Plaintiff also asks this court to consider claims arising under state law under the doctrine of pendent jurisdiction.

In February 1979 plaintiff retained defendant Yanoff, a private attorney, to represent him in the Pennsylvania Court of Common Pleas in connection with plaintiff's arrest for robbery, theft, assault and weapons offenses. Defendant Yanoff appeared at the preliminary hearing on plaintiff's behalf. He did not represent plaintiff in any subsequent proceedings. In May 1979 defendant Rossanese, a public defender, was appointed to represent plaintiff in connection with the above-mentioned charges. Defendant Rossanese represented plaintiff during discovery, at the suppression hearing, and at trial. At the end of the trial defendant Rossanese withdrew as counsel for the plaintiff. Defendant Yollin was then appointed to represent plaintiff at the post-trial stage pursuant to the Pennsylvania Public Defender Act, Pa.Stat.Ann. tit. 16, § 9960.1 *et seq.* (Purdon). Plaintiff was convicted of all charges. All three defendants have filed motions to dismiss the complaint which I will grant for the reasons discussed herein.

### II. DISCUSSION

#### A. PUBLIC DEFENDER IMMUNITY

#### 1. PUBLIC DEFENDER AND COURT APPOINTED DEFENDER IMMUNE FROM SUIT UNDER CIVIL RIGHTS ACT

■ Because Rossanese acted as a public defender, his actions were part of the judicial process. Yollin's actions were also part of the judicial process because he was a court-appointed defense attorney.[2] They

---

1. Counsel has been appointed to represent plaintiff in these proceedings. *See Ray v. Robinson,* 640 F.2d 474 (3d Cir., 1981).

2. The cases dealing with the immunity of public defenders do not distinguish between full-time public defenders and those who, like defendant Yollin, are appointed and compensated pursuant to Pa.Stat.Ann. tit. 16, § 9960.7 (Purdon). I will therefore dismiss the complaint against defendant Yollin on the ground of pub-

lic defender immunity. Even if it were not appropriate to treat Yollin as a public defender the complaint against him would be dismissed. As a private attorney Yollin did not act under color of state law as required by 42 U.S.C. § 1983. Also, plaintiff did not allege any conspiracy involving Yollin, and therefore claims under 42 U.S.C. §§ 1985(2) and (3) would be dismissed. Finally, neither § 1986 nor § 1988 creates an independent cause of action. Section 1986 claims are derived from § 1985 claims

are therefore absolutely immune from suits under the Civil Rights Act based on their performance of official duties. *Ross v. Meagan*, 638 F.2d 646, 649 (3d Cir. 1981); *Waits v. McGowan*, 516 F.2d 203, 205 (3d Cir. 1975); *Brown v. Joseph*, 463 F.2d 1046, 1048–49 (3d Cir. 1972), *cert. denied*, 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1973); *but see, Dodson v. Polk County*, 628 F.2d 1104 (8th Cir. 1980) (public defenders entitled to only qualified immunity).

## 2. NO CIRCUMVENTION OF IMMUNITY BY A DIRECT CLAIM FOR DAMAGES UNDER FOURTEENTH AMENDMENT

█ Plaintiff attempts to avoid the immunity problem by claiming that his case is brought directly under the due process clauses of the fifth and fourteenth amendments.[3] Plaintiff then argues that a public defender does not enjoy immunity from a suit brought directly under these amendments. In effect, plaintiff is urging the court to imply a cause of action for damages directly under the fourteenth amendment which exists independently of statutory authorization. Although this issue has not been decided by the Supreme Court, *Mt. Healthy School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977), the Court of Appeals for the Third Circuit has recently declined to imply such a cause of action in *Rogin v. Bensalem Township*, 616 F.2d 680 (3d Cir. 1980). The court noted that direct causes of action under the Constitution have been implied where no federal statutory remedy exists. *Id.* at 685–86; *see, e. g. Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (damages remedy implied for viola-

tions of fourth amendment under color of federal law). Congress, through the Civil Rights Act, has specifically authorized a money damages remedy for violations of federal constitutional rights under color of state law. *Monell v. Dept. of Social Services*, 436 U.S. 658, 665, 98 S.Ct. 2018, 2023, 56 L.Ed.2d 611 (1978).

Section 1983 is plaintiff's exclusive remedy for any violations of his constitutional rights by the defendants. This is so despite the judge-made rule of public defender immunity which prevents any recovery here. Any policy[4] dictating immunity for public defenders in civil rights cases applies with equal force to any direct cause of action for damages for a violation of identical constitutional rights. Plaintiff cannot circumvent public defender immunity by recasting his § 1983 claim.

## B. STATE LAW MALPRACTICE CLAIMS MUST BE DISMISSED

█ As required, I construed plaintiff's *pro se* complaint generously and held it "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam). I find that plaintiff also asks me to consider state law malpractice claims against the defendants under the doctrine of pendent jurisdiction.

I will dismiss these state law claims because where, as here, the federal claims are dismissed before trial, the pendent state claims should also be dismissed. *Prince v. Wallace*, 568 F.2d 1176, 1178 (5th Cir. 1978); *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976). *See also, United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Ro-*

---

so that plaintiff's § 1986 claim would fail with his § 1985 claim. Section 1988 is a procedural provision and also creates no remedies in addition to those available under the substantive provisions of the Civil Rights Act.

3. In his brief in opposition to defendants' motions to dismiss, plaintiff relies primarily on the due process clause of the fifth amendment. However, plaintiff's cause of action may not be asserted directly under the fifth amendment since the fifth amendment proscribes federal

conduct only, *Feldman v. United States*, 322 U.S. 487, 490, 64 S.Ct. 1082, 1083, 88 L.Ed. 1408 (1944); *Barron v. Baltimore*, 32 U.S. 243, 247, 7 Pet. 243, 247, 8 L.Ed. 672 (1833). The alleged wrongdoing in this case occurred under color of state law.

4. *See, e. g., Imbler v. Pachtman*, 424 U.S. 409, 423–26, 96 S.Ct. 984, 991–93, 47 L.Ed.2d 128 (1976).

*gin v. Bensalem Township,* 616 F.2d 680, 697 (3d Cir. 1980).

I also note that plaintiff asserts no federal claim against defendant Yanoff, a privately retained attorney. Rather, he asserts only a state law claim of legal malpractice against Yanoff which arises from Yanoff's legal representation of plaintiff at the preliminary hearing. Any jurisdiction over this claim must therefore be based on pendent party jurisdiction; there is no independent basis for federal jurisdiction for the claim against Yanoff and Yanoff is not a party to the federal claims. Although the Supreme Court has recognized that there may be judicial power to hear closely related claims against persons for whom there is no independent basis of federal jurisdiction, *Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976), *disapproved on other grounds, Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, it noted that "[i]f the new party sought to be impleaded is not otherwise subject to federal jurisdiction, there is more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state-law claim." *Id.*

At a minimum, the claims against the pendent parties must be so closely related to the federal claim that the two constitute one constitutional "case," as defined in *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). *Aldinger v. Howard,* 427 U.S. at 14, 96 S.Ct. at 2420; *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 371, 98 S.Ct. 2396, 2401, 57 L.Ed.2d 274 (1978). The facts that plaintiff must prove in order to establish his malpractice claim against Yanoff are distinct from the facts that he must prove to establish his federal claims against the other defendants. Each defendant represented plaintiff at a different stage of the proceedings. Therefore, the malpractice claim against Yanoff does not even meet the *Gibbs* requirement that the state and federal claims derive from a common nucleus of operative facts. *United Mine Workers v. Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. The pendent claims must be dismissed.

The motions to dismiss the complaint will therefore be granted.