Richard NASH

v.

Stephen SIGNORE, in his individual capacity and in his official capacity as Public Defender.

Civ. A. No. 80–3823.

United States District Court, E. D. Pennsylvania.

May 28, 1981.

Richard Nash, pro se.

Walter S. Jenkins, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

Plaintiff in this civil rights action, Richard Nash, a state prisoner, contends that defendant, a Public Defender for Montgomery County, Pennsylvania, failed to provide Nash with adequate representation at his state criminal trial, and conspired with state officials to ensure that Nash would be convicted of the charges against him. Nash contends that Signore's alleged actions in furtherance of the conspiracy violated his rights under the Sixth, Thirteenth, and Fourteenth Amendments, and he seeks compensatory and punitive damages under 42 U.S.C. §§ 1983 and 1985. Signore now moves to dismiss for failure to state a claim upon which relief can be granted, or in the alternative for summary judgment. Because Signore is correct that, as a public defender, he is entitled to absolute immuni-

ty from suit under the Civil Rights Act for actions taken in his quasi-judicial capacity, the motion to dismiss for failure to state a claim will be granted.

The Court of Appeals for the Third Circuit has held in several cases that a public defender is immune from a damage action for the deprivation of civil rights when the conduct complained of occurred while the public defender was performing his quasi-judicial duties. *Ross v. Meagan*, 638 F.2d 646 at 648 (3d Cir. 1981) (per curiam); *Waits v. McGowan*, 516 F.2d 203, 205 (3d Cir. 1975); *Brown v. Joseph*, 463 F.2d 1046, 1049 (3d Cir. 1972), *cert. denied*, 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1973). The Supreme Court's decision in *Ferri v. Ackerman*, 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979), is not to the contrary. In *Ferri*, the Court held that a private attorney appointed under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, is not immune from a common law negligence action for failure to provide adequate representation to his client. *Ferri* did not address either the status of public defenders, or liability arising under the Civil Rights Act. The Third Circuit had the opportunity to consider the implications of *Ferri* in *Ross v. Meagan, supra*, and adhered to its earlier rule that public defenders are immune from civil rights suits.

The issue, therefore, is whether the actions by Signore which form the basis of Nash's claims were performed by Signore in his quasi-judicial capacity. Accepting all of the allegations in Nash's complaint as true, *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), it is plain that Signore was at all times acting within the scope of his official duties. Nash alleges that Signore attempted to coerce him into entering a plea of guilty; that he failed to challenge Nash's illegal arrest and detention; that he deliberately presented a weak defense; that he duped Nash into waiving his right to a speedy trial; that he omitted strong contentions from post-trial motions; and that he generally failed to marshal the appropriate legal arguments favorable to Nash's position. In each of these instances the purported misconduct by Signore occurred while he was discharging his duties as a public defender, and the law is plain that a public defender is immune from liability for any civil rights claim predicated upon actions taken in the course of representation of a client.

Accordingly, Signore's motion to dismiss for failure to state a claim will be granted.