Todd TITUS, et al.

v.

NEWTOWN TOWNSHIP, Chief of Police Martin Duffy, and Officer Stephen Myers.

Civ. A. No. 84–3692.

United States District Court, E.D. Pennsylvania.

July 24, 1985.

Theodore Q. Thompson, Ambler, Pa., for plaintiffs.

Michael M. Mustokoff, Duane, Morris & Heckscher, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Todd Titus (a minor) has filed, through his parents, this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Newtown Township, Newtown Police Chief Martin Duffy, and Newtown police officer Stephen Myers. Although the complaint also appears to include a claim brought by plaintiff's parents in their own right for racially-motivated "harassment" by Newtown police officers (evidently in violation of 42 U.S.C. § 1981), the parties previously stipulated to the dismissal of the plaintiffs' § 1981 claims. The complaint alleges that Todd Titus sustained injuries to the head and groin after being stopped, searched, and handcuffed by defendant Myers, who apparently believed he was arresting the plaintiff's brother, Robert Titus. The complaint alleges that after another officer informed defendant Myers that Myers had mistakenly detained Todd Titus rather than Robert Titus, the plaintiff was released and no charges were filed. The complaint alleges that the arrest, search, and detention of Todd Titus were unlawful and violated his Fourth Amendment rights.

The allegations against the Township and Chief Duffy are not clearly stated. In Paragraph 2 of the complaint the plaintiffs "challenge the practice of defendants Newtown Township and Chief Duffy in failing and/or refusing to discipline Defendant Officer [Myers] for misconduct until criminal charges ... are resolved." In Paragraph 9 the plaintiffs allege that Chief Duffy was "commanding officer of Defendant Officer Myers, and was responsible for the training and conduct of said defendant." Presently before the Court is the defendants' motion to dismiss the complaint against the Township and Chief Duffy. For the reasons that follow the Court has determined that this motion will be granted.

### Complaint Against the Township

As noted above, the complaint alleges no facts showing the existence of a policy or a custom attributable to the Township which deprived the plaintiff of any constitutional right. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2019, 56 L.Ed.2d 611 (1978). The Township cannot be held liable under § 1983 on the basis of respondeat superior. *Id.* The only allegation against the Township relevant to the § 1983 claim is the Township's alleged failure to discipline defendant Myers, *following* the incident involving the plaintiff, until after the resolution of unspecified "criminal charges". There is no allegation that this "policy" caused or contributed in any way to the deprivation of the plaintiff's constitutional rights described in the Complaint. Furthermore, as the Supreme Court has recently pointed out:

> Proof of a single incident of unconstitutional activity is not sufficient to establish liability under *Monell*, unless proof of the incident includes proof that it was *caused* by an existing unconstitutional policy, which policy can be attributed to a municipal policymaker.

*City of Oklahoma City v. Tuttle*, —— U.S. ——, ——, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791, (1985) (emphasis added). The com-

plaint against Newtown Township will be dismissed.

*Complaint Against Chief Duffy*

 The complaint against Chief Duffy consists of a conclusory allegation that he was defendant Myers' commanding officer and was "responsible" for Myers' "training and conduct". It is well-settled that a civil rights complaint must contain sufficient factual specificity to identify the particular conduct of the named defendant which has injured the plaintiff. *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir.1980). The allegations in this complaint against Chief Duffy lack the requisite specificity. Furthermore, it is quite clear that liability under § 1983 is personal, and may not be imposed vicariously or upon a theory of respondeat superior. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir.1976). The plaintiff must allege direct, personal involvement by the defendant in the alleged unconstitutional conduct, or active knowledge and acquiescence on the defendant's part to such conduct. *Bracey v. Grenoble*, 494 F.2d 566 (3d Cir.1973); *Mitchell v. Henderson*, 431 F.Supp. 1295, 1301 (E.D. Pa.1977). No such allegations against Chief Duffy are set forth in this complaint.

 Finally, to the extent that individual supervisory officials may be held liable under § 1983 for knowing acquiescence in procedures which result in constitutional violations (e.g., a grossly inadequate training program) a plaintiff must identify incidents of unconstitutional conduct by subordinates and show an "affirmative link" between the incidents of misconduct and the complained-of policy or procedure. *See Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976); *Skevofilax v. Quigley*, 586 F.Supp. 532, 544 (D.N.J. 1984). No causal connection between any policy or procedure implemented by Chief Duffy and any constitutional deprivation allegedly suffered by the plaintiff has been set forth in the complaint. Accordingly, the complaint against Chief Duffy will be dismissed.