Benjamin Wallace CROSS

v.

Dale A. MEISEL, Warden, Lehigh County Prison,

and

William H. Platt, Lehigh County District Attorney.

Civ. A. No. 89–5221.

United States District Court, E.D. Pennsylvania.

Sept. 25, 1989.

Benjamin Wallace Cross, pro se.

William H. Platt, Lehigh County Dist. Atty., pro se.

## MEMORANDUM

CAHN, District Judge.

Benjamin Wallace Cross was found guilty of possession of heroin and possession with intent to deliver heroin on April 15, 1977 in Lehigh County. Free on bail, Cross failed to appear for sentencing; after a bench warrant was issued for his arrest, the District Attorney was told that Cross was in federal prison in Danbury, Connecticut. Charges against Cross were pending in Bucks and Montgomery Counties as well, and forms of detainer were submitted by the jurisdictions. The defendant agreed to return to Pennsylvania to dispose of the pending charges, and so he was placed in the custody of Bucks County officials. Although Lehigh County officials requested that Bucks County transfer Cross to them after his Bucks County sentencing, Bucks County returned Cross to federal prison. Lehigh County accordingly

sent a fresh letter of detainer. After sentencing was rescheduled, Cross filed a petition (on July 12, 1979) seeking relief under the Interstate Agreement on Detainers Act. The court denied his petition, and a writ was issued to the federal prison in Danbury for Cross' release for sentencing.

Before the Lehigh sentencing, though, Cross failed to return to Danbury from a Christmas furlough and hence failed to appear on January 14, 1980, for his sentencing. Cross was apprehended on May 17, 1983; on September 14, 1983, the Lehigh County District Attorney was told that Cross was in custody at the federal prison in Ray Brook, New York. A detainer was issued, and defendant was extradited to Lehigh County on November 15, 1983. Before sentencing, Cross secured a writ of habeas corpus, alleging a violation of the Interstate Agreement on Detainers. This was granted by the Court of Common Pleas on April 5, 1984, and so Cross was released; however, the Commonwealth appealed, and prevailed before the Superior Court on March 15, 1985. A warrant subsequently issued, and Cross was sentenced on January 28, 1986, to one to five years imprisonment, a sentence modified on March 6, 1986. On February 24, 1986, Cross filed a petition for a writ of habeas corpus in this court; the petition was dismissed for failure to exhaust state remedies. Cross later filed a petition for a writ of habeas corpus in the Supreme Court of Pennsylvania, which was denied on June 6, 1989.

Cross filed a *pro se* complaint against Dale A. Meisel, Warden of the Lehigh County Prison, and William H. Platt, Lehigh County District Attorney, on July 17, 1989. The complaint alleges that defendants violated 42 U.S.C. § 1983 because his imprisonment violates the Due Process Clause of the Fourteenth Amendment. More specifically, the violations Cross alleges include the denial of a pretransfer

hearing required by the Interstate Agreement on Detainers Act, 18 U.S.C. App. §§ 1–8 (1982) [hereinafter IADA], ineffective assistance by counsel, "illegal restraint upon liberty," and pain and suffering caused by defendants' negligence. Cross seeks monetary damages and "immediate release from custody." Cross simultaneously filed an application for a writ of habeas corpus, which is pending (No. 89–5212). Defendant Platt has filed a Motion for Summary Judgment with supporting affidavit, claiming that Cross's action is barred by prosecutorial immunity, collateral estoppel, prior litigation, and the statute of limitations, and that the relief requested may in any case be obtained only through habeas corpus. He thus seeks a dismissal with prejudice. For the reasons below, this court grants Platt's motion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of fact, and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must construe all facts and inferences in the light most favorable to the non-moving party. *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361–62 (3d Cir.1987). So construed, though, the movant will prevail if there are no disputed issues that could support a verdict for the non-moving party and that would prove essential to the claim. Here, the plaintiff failed to respond to the defendant's motion for summary judgment. Under Local Rule 20(c), this allows the Court to grant the motion as uncontested. Even were this not so, though, the defendant would prevail on the merits. I shall consider Cross' four claims in turn.[1]

The negligence claim fails for three reasons. First, Cross fails to allege facts that could support such a claim against Platt. This circuit "has consistently demanded

---

1. As a threshold matter, Cross' request for immediate release from custody may be disposed of summarily. As *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), makes clear, relief in the form of immediate release may be sought only through a writ of habeas corpus, which may be (and, in this case, has been) pursued concurrently with a § 1983 action. 411 U.S. at 499 n. 14, 93 S.Ct. at 1841 n. 14. Damages claims, however, fall within § 1983, and so this memorandum will treat all claims as though they were purely monetary.

that a civil rights complaint contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir.1981) (per curiam); *see also Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922–23 (3d Cir.1976). Although *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), requires courts to hold *pro se* petitioners to lower technical standards than those they apply to lawyers, *Haines* does not absolve a *pro se* litigant from the need to set out a factual predicate for a claim. Here Cross presents only a bare allegation that specifies no instances of negligence. He consequently has not met his *Ross* burden.

█ Second, as a district attorney, Platt enjoys absolute immunity from § 1983 monetary liability for activities "intimately associated with the judicial phase of the criminal process". *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *see also, e.g., Mancini v. Lester*, 630 F.2d 990, 992 (3d Cir.1980). To the extent that Platt could have been negligent, his negligence would have had to arise in the course of his prosecution. While not all things a prosecutor does are within the scope of his absolute immunity, Cross fails to allege any particular act that would not be. The only fact alleged about Platt is simply that he prosecuted Cross, which falls squarely under *Imbler*. 424 U.S. at 430–31, 96 S.Ct. at 994–96; *see also, e.g., Rose v. Bartle*, 692 F.Supp. 521, 526–28 (E.D.Pa.1988), *aff'd in part, rev'd in part on other grounds*, 871 F.2d 331 (3d Cir.1989) (similar allegations fall under *Imbler*). Applying the functional analysis used in this circuit, Cross' challenge to Platt's prosecution necessarily is barred by

Platt's immunity because prosecution is a quintessentially judicial function of a prosecutor. *Ross*, 638 F.2d at 648; *Mancini*, 630 F.2d at 992–94.

█ Third, this claim is barred by the statute of limitations. In § 1983 actions, the relevant statute is supplied by state personal injury law. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Bartholomew v. Fischl*, 782 F.2d 1148 (3d Cir.1986). In Pennsylvania, this is two years. 42 Pa.Cons.Stat.Ann. § 5524(2) (Purdon Supp.1989). The negligence claim, construed generously, stems from actions taken, at the latest, before March 6, 1986 (the date of Cross' sentencing), which is well before the two-year limit imposed by statute. Furthermore, the intervening litigation does not toll the statute. In *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the Supreme Court held that tolling rules, as well as the statute of limitations, must be drawn from state law. Pennsylvania's statute, like the New York statute at issue in *Tomanio*, generally bars time extensions. 42 Pa.Cons.Stat.Ann. § 5504(a) (Purdon 1981); *see also Commonwealth v. Englert*, 311 Pa.Super. 78, 457 A.2d 121 (1983). Pennsylvania only allows tolling through intervening litigation where the earlier litigation was in state court; litigation in other jurisdictions does not stop the statutory clock. *Royal–Globe Ins. Co. v. Hauck Mfg. Co.*, 233 Pa.Super. 248, 335 A.2d 460 (1975); *see also Sabo v. Parisi*, 583 F.Supp. 1468 (E.D.Pa.1984). Consequently, since the intervening habeas corpus suits would not have barred concurrent § 1983 actions, the statute of limitations would not be tolled.[2] *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14, 93 S.Ct. 1827, 1841 n. 14, 36 L.Ed.2d 439 (1973).[3]

---

**2.** Platt's affidavit refers to a § 1983 action filed by Cross which, he avers, was likely dismissed. The Clerk of the Court has no record of such a suit, and no information on it was supplied by Cross.

**3.** Platt argues that the recent Supreme Court decision in *Will v. Michigan Dep't of State Police*, —— U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) also bars Cross' suit. *Will* holds that state officials are not "persons" for the purposes

of § 1983 damage actions and hence may not be sued under it in their official capacities. 109 S.Ct. at 2311–12. The difficulty is that, under the Pennsylvania Constitution, district attorneys are considered *county* officials, with duties defined in the County Code. Pa. Const. art. 9, § 4; 16 Pa.Stat.Ann. §§ 1401–02 (Purdon 1956 & Supp.1989) (County Code provisions); *see also Chalfin v. Specter*, 426 Pa. 464, 233 A.2d 562 (1967) (Philadelphia District Attorney a city officer). Their expenses are paid by the county

Cross also alleges a denial of a pre-transfer hearing required by the IADA. In *Cuyler v. Adams*, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), the Supreme Court held that the hearings required by the Extradition Act are also required under Article IV(d) of the IADA. Denial of such a hearing is thus a violation of a federal statute, and denial of that right by a state official is cognizable under § 1983. *Cuyler*, 449 U.S. at 450, 101 S.Ct. at 712; *Shack v. Attorney General*, 776 F.2d 1170, 1173 (3d Cir.1985). From the facts presented, though, it appears that the only denial of a hearing would have been when Cross was immured in *federal* prison in Ray Brook. Any violation, then, would have been committed by federal officials.

█ While Platt did lodge the detainer that Cross alleges was granted without a hearing, this action falls within his *Imbler* absolute immunity. Though no Third Circuit cases address this point directly, *Ross v. Meagan*, 638 F.2d 646 (3d Cir.1981), held that a prosecutor was immune from § 1983 liability for an alleged violation of the Uniform Criminal Extradition Act. *See also Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979) (prosecutor immune from § 1983 action for filing baseless detainer); *Gagan v. Gately*, 673 F.Supp. 1029, 1030 (D.Colo. 1987) (prosecutor immune from § 1983 action over extradition proceeding); *Cleary v. Andersen*, 423 F.Supp. 745, 748 (D.Neb.

1976) (same). The functional analysis of *Mancini* and *Ross*, along with the weight of authority above, yield the conclusion that the decision to seek the presence of a defendant is safely within the quasi-judicial, and hence absolutely immune, part of a prosecutor's duties.[4] Here, too, the statute of limitations would apply; as the action complained of occurred no later than November 15, 1983, when Cross was extradited to Lehigh County, the statute ran no later than November 15, 1985.

█ The other two allegations are more easily disposed of. Cross' ineffective assistance of counsel claim does not explain how Platt could have interfered with Cross' counsel. Following *Ross*, the lack of specificity is fatal.[5] Moreover, as the trial and sentencing concluded on March 6, 1986, the two-year statute of limitations discussed above has run. The "illegal restraint upon liberty" claim is likewise far too vague and conclusory to serve as a basis for relief, again using the *Ross* standard. Furthermore, to the extent that any such claim rests upon prosecutorial acts of Platt, *Imbler* grants Platt absolute immunity.

Accordingly, this court will grant defendant Platt's motion for summary judgment.[6]

---

from the general funds of the county. 16 Pa. Stat.Ann. § 1403 (Purdon 1956). Furthermore, they are not considered Commonwealth officials for the purposes of Commonwealth Court jurisdiction. *Pennsylvania Gamefowl Breeders Ass'n v. Commonwealth*, 122 Pa.Commw. 52, 551 A.2d 361, 363 (1988). Although it is true that certain sovereign powers of the Commonwealth are delegated to a district attorney, this is true generally of county and local officials under home rule doctrine. Since *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), local governments and their officials have been subject to suit under § 1983. Consequently, *Will* avails Platt naught. *See also Santiago v. Daley*, No. 88 C 2320, 1989 WL 105314 (N.D.Ill. Aug. 31, 1989) (raising similar question; suggests that county attorney may not be state official). In any event, *Will* only bars suits against officials in their official capacities; suits against officials in their *individual* capacities remain open under § 1983.

**4.** It should be noted that the unsuitability of § 1983 does not speak to the suitability of habe-

as corpus relief for an IADA violation, whether for an alleged Article IV(d) violation in the failure to grant a hearing or for an alleged Article IV(e) violation in returning Cross to federal prison before the Lehigh County sentencing was effected. *Casper v. Ryan*, 822 F.2d 1283, 1289 (3d Cir.1987) (violation of Article IV(e) grounds for habeas relief); *see also Tinghitella v. California*, 718 F.2d 308, 311 (9th Cir.1983) (for IADA purposes, trial includes sentencing). *But see United States v. Fulford*, 825 F.2d 3, 11 (3d Cir.1987) (failure to grant hearing not fundamental defect); *Shack v. Attorney General*, 776 F.2d 1170 (3d Cir.1985) (same).

**5.** The habeas corpus petition, No. 89–5212, made part of this record through Platt's motion, indicates that the ineffective assistance claim may rest upon allegations of inadequate trial preparation, failure to communicate, and failure to appeal. If so, these are plainly outside the influence of defendant Platt.

**6.** Warden Meisel remains a defendant.