Joseph J. **CARROLL** and
Patricia **Carroll,**

v.

**BRISTOL TOWNSHIP, John Tegzes, Chief of Police, John Rink and Charles Rantin.**

Civ. A. No. 93–CV–1018.

United States District Court, E.D. Pennsylvania.

July 19, 1993.

David J. Truelove, Timby and Dillon, P.C., Newtown, PA, for plaintiffs.

Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

The Defendants have brought this civil rights action before the Court by filing a motion to dismiss Plaintiff's 1) First Amendment claim, 2) Fifth Amendment Due Process claims, 3) punitive damage claims against Bristol Township, Chief of Police John Tegzes and the individual defendants in their official capacity, 4) 42 U.S.C. § 1983 claims against Bristol Township and Chief of Police John Tegzes, and 5) Plaintiff Patricia Carroll's 42 U.S.C. § 1983 claims. In reply to Defendant's motion to dismiss, Plaintiffs' have withdrawn their First Amendment

claims, Fifth Amendment Due Process claims and punitive damages claims against Defendant Bristol Township and accordingly, these claims will be dismissed. The sufficiency of the remaining claims will be addressed in this memorandum.

## 1. HISTORY OF THE CASE

According to the allegations set forth in the complaint, the Defendant Officers Rink and Rantin entered the Plaintiffs' residence in response to an alleged call for assistance. The Plaintiff avers that Officers Rink and Rantin used excessive force in effectuating his arrest by means of "striking the Plaintiff in and about the head, arms, shoulders, legs, buttocks, and other areas, using nightsticks, 'stun guns' and other implements." The Plaintiff Joseph Carroll thereby suffered mental anguish and physical injuries including various cuts, bruises, abrasions, injuries to his musculo-skeletal system, and neurological damage and impairment. In addition, the Plaintiff contends these actions by the officers were without justification and his arrest was without probable cause.

Plaintiff Joseph Carroll's 42 U.S.C. § 1983 claims against Bristol Township and Chief of Police Officer John Tegzes are based on allegations that the Township "permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal arrests and illegal and excessive use of force" by failing to prosecute and investigate and by covering up such occurrences. Accordingly, the Plaintiff contends that this activity by the Township led officers to believe that such conduct was permissible. In addition, the Plaintiff alleges that the Township and Officer Tegzes failed to adequately train officers in the proper use of "stun guns" and nightsticks, and in the proper use of force in effectuating an arrest. These omissions, according to the Plaintiff, evidence deliberate indifference to the Plaintiff's rights.

Plaintiff Patricia Carroll's 42 U.S.C. § 1983 claim is based on alleged severe property damage to her home which happened in the course of the arrest.

## 2. STANDARD APPLICABLE TO FED. R.CIV.P. 12(b)(6) MOTIONS TO DISMISS

In deciding a motion to dismiss, a court must accept as true all facts alleged in the complaint together with all reasonable inferences that can be drawn therefrom and construe them in the light most favorable to the Plaintiff. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990); *Hough/Loew Assoc., Inc. v. CLX Realty Co.,* 760 F.Supp. 1141 (E.D.Pa.1991). A court may grant a motion to dismiss only if it appears beyond a doubt that the plaintiff can prove no set of facts to support the relief requested. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Labov v. Lalley,* 809 F.2d 220, 221–22 (3d Cir.1987).

Claims under 42 U.S.C. § 1983 have a heightened specificity requirement. Accordingly, complaints must contain "a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs." *Colburn v. Upper Darby Township,* 838 F.2d 663, 666 (3d Cir.1988) (citing *Ross v. Meagan,* 638 F.2d 646, 650 (3d Cir.1981)). This more stringent requirement is imposed to protect state officials from frivolous claims as well as to provide defendants adequate notice to enable them to draft their responsive pleading. *Id.* This requirement may be satisfied by pleading the time and place of the alleged conduct, the individuals responsible, and the conduct violating the plaintiff's rights. *Id.*

## 3. THE SUFFICIENCY OF JOSEPH CARROLL'S 42 U.S.C. § 1983 CLAIM AGAINST BRISTOL TOWNSHIP BASED ON AN OFFICIAL POLICY OR CUSTOM

In Count III of the complaint, the Plaintiff seeks to hold the defendant Bristol Township liable based on an alleged official policy and custom of permitting, tolerating, encouraging and ratifying a pattern of illegal arrests and use of excessive force by its officers. The Defendant Bristol Township may be held liable only if the alleged conduct "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is

"visited pursuant to governmental custom" even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 671 (quoting *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658, 690–691, 98 S.Ct. 2018, 2035–2036, 56 L.E.2d 611 (1978). According to the court in *Colburn,* "an 'official policy' may be inferred from informal acts or omissions of supervising municipal officials." *Id.* at 671 (quoting *Estate of Bailey by Oare v. County of York,* 768 F.2d 503, 508 (3d Cir.1985)).

█ In the matter at hand, the Plaintiff has pleaded no facts to support his allegation that such a policy or custom actually exists and therefore, this claim must be dismissed unless Plaintiff can amend his complaint to cure this deficiency. The Plaintiff has made broad allegations to support his claim against the Township. The Plaintiff alleges in part that the Township,

> "failed to discipline or prosecute or in any manner deal with known incidents of excessive force; ... refused to investigate complaints or previous incidents of excessive force ... failed and refused to properly train its officers in their limitations on using 'stun guns' and nightsticks ... [and] maintained nor or, at the very least an inadequate system of review of illegal and warrantless arrests and use of excessive force."

These broad allegations do not satisfy the factual specificity required to state a claim under 42 U.S.C. § 1983. In *Colburn,* the plaintiff sufficiently stated a claim against the Upper Darby Township for a "custom of laxity" by alleging that two suicides had occurred in their jail cells prior to the plaintiff's suicide. *Id.* at 672. In the matter at hand, the Plaintiff has not alleged specific past conduct to demonstrate that an official policy or custom on the part of Bristol Township exists and, accordingly, this claim is insufficient.

4. THE SUFFICIENCY OF JOSEPH CARROLL'S 42 U.S.C. § 1983 CLAIM AGAINST OFFICER TEGZES AND BRISTOL TOWNSHIP BASED ON INADEQUATE TRAINING

█ The Plaintiff's claims based on inadequate training against Officer Tegzes and Bristol Township in Count IV are also insufficient to state a claim under 42 U.S.C. § 1983. The plaintiff alleges the defendants failed to properly train, review training, instruct and control officers which evidences their deliberate indifference to others and Plaintiff Joseph Carroll. Inadequacy of police training may be a custom or policy, and a basis for § 1983 liability when failure to train amounts to deliberate indifference to the constitutional rights of persons who come into contact with police. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 387–390, 109 S.Ct. 1197, 1204–1205, 103 L.Ed.2d 412 (1989). Plaintiff Joseph Carroll, however, has failed to meet the factual specificity requirement for this § 1983 claim. The Plaintiff has not alleged specific conduct to support the broad allegation that the Township and Officer Tegzes maintained a policy or custom of failing to train its officers. This claim must also be dismissed unless Plaintiff can amend his complaint to cure this deficiency.

5. THE SUFFICIENCY OF PLAINTIFF JOSEPH CARROLL'S CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANTS CHIEF OF POLICE TEGZES AND OFFICERS RINK AND RANTIN.

█ Plaintiff's claim for punitive damages against Chief of Police, John Tegzes must also be dismissed. The only claim cognizable by this Court against Officer Tegzes is in his official capacity as Chief of Police of Bristol Township. Claims against defendants in their official capacity represent an action against the municipality. *Brandon v. Holt,* 469 U.S. 464, 467–77, 105 S.Ct. 873, 876–77, 83 L.Ed.2d 878 (1985); *City of Newport v. Fact Concerts Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). According to the Supreme Court in *Fact Concerts,* a municipality cannot be held liable for punitive damages under § 1983. *Fact Concerts,* 453 U.S. at 271–72, 101 S.Ct. at 2762. Because the claim against Officer Tegzes is brought against him in his official capacity, punitive damages are not available and this claim must be dismissed. *Brandon,* 469 U.S.

at 467–77, 105 S.Ct. at 876–77. Punitive damage claims may, however, be brought against individual defendants and therefore the claims against Officers Rink and Rantin may proceed. *Fact Concerts,* 453 U.S. at 266–67, 101 S.Ct. at 2759–60; *Washco v. Darby Borough Police Dep't.* 688 F.Supp. 1026, 1027 (E.D.Pa.1988).

6. THE SUFFICIENCY OF PLAINTIFF PATRICIA CARROLL'S 42 U.S.C. § 1983 CLAIMS

■ Plaintiff Patricia Carroll's 42 U.S.C. § 1983 claim in Count VI alleges that her Fifth and Fourteenth Amendment rights not to be deprived of property without due process of law were violated when Officers Rink and Rantin caused property damage to her home. The Supreme Court held in *Hudson v. Palmer,* 468 U.S. 517, 533–35, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984) that the Due Process Clause of the Fourteenth Amendment is not violated by an intentional destruction of property provided an adequate post-deprivation remedy is available under state law. *Id.* Pennsylvania's tort claims statute, 42 Pa.C.S.A. § 8550 is applicable to Plaintiff Patricia Carroll's claim and therefore, the requirements of Due Process are satisfied. *Hodgin v. Agents of Montgomery County,* 619 F.Supp. 1550, 1553–54 (E.D.Pa. 1985); *Jones v. Waters,* 570 F.Supp. 1292, 1298 (E.D.Pa.1983). Accordingly, Carroll's federal claim must also be dismissed.

An appropriate order follows.

ORDER

AND NOW, this 19th day of July, 1993 upon consideration of Defendant's Motion to Dismiss, it is hereby ORDERED that the motion is GRANTED in the following respects:

1. Plaintiff's First Amendment and Fifth Amendment Due Process claims are dismissed.

2. Plaintiff Joseph Carroll's 42 U.S.C. § 1983 claims against Bristol Township and Officer Tegzes are dismissed with leave to replead within twenty days of the date of this order.

3. Plaintiff Joseph Carroll's punitive damages claims against Bristol Township and Chief of Police Officer Tegzes are dismissed.

4. Plaintiff Patricia Carroll's 42 U.S.C. § 1983 claims are dismissed.

With respect to Defendant's motion to dismiss Plaintiff Joseph Carroll's punitive damage claim against Officers Rink and Rantin it is hereby ORDERED that this motion is DENIED.