DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERIK REDEEMER,**
Appellant,

v.

**GREGG ROSSMAN,**
Appellee.

No. 4D14-1119

[July 8, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John Thomas Luzzo, Judge; L.T. Case No. 13-9031 09.

Erik Redeemer, Pollock, Louisiana, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and David J. Glantzi, Assistant Attorney General, Fort Lauderdale, for appellee.

GROSS, J.

We affirm the order dismissing a civil tort complaint against a prosecutor upon prosecutorial immunity grounds.

Almost every court that has considered the prosecutorial conduct at issue in this case "has determined that prosecutors are entitled to absolute immunity from suits . . . claiming that the plaintiff's constitutional rights were violated as a result of the initiation of an extradition process." *Uribe v. Cohen*, 3:04 CV 1723 CFD, 2006 WL 2349567, at *3 (D. Conn. Aug. 3, 2006) (footnote omitted); *see, e.g.*, *Larsen v. Early*, 842 F. Supp. 1310, 1313 (D. Colo. 1994) (prosecutor entitled to absolute immunity since "extradition is intimately associated with the judicial phase of the criminal process" (internal quotation omitted)); *Cleary v. Andersen*, 423 F. Supp. 745, 748 (D. Neb. 1976) ("[I]t is apparent that the proper discharge of the prosecutor's duties in the criminal justice system requires that he be accorded unhampered discretion in deciding when to seek the extradition of an individual."); *Rivera v. Algarin*, 350 Fed. Appx. 703, 708 (3d Cir. 2009) ("Ricca's efforts to initiate extradition proceedings against Rivera are prosecutorial in nature and entitle her to immunity from liability."); *Cross v. Meisel*, 720 F. Supp. 486, 489 (E.D. Pa. 1989); *Arebaugh v. Dalton*, 600

F. Supp. 1345, 1351 (E.D. Va. 1985); *Brooks v. Fitch*, 534 F. Supp. 129, 132 (D.N.J 1981) ("[T]he decisions to extradite and to issue an arrest warrant fall within the scope of absolute immunity."). The justification is obvious considering the purpose of extradition. As the federal Fourth Circuit Court of Appeals explained in *Dababnah v. Keller-Burnside*, 208 F.3d 467, 472 (4th Cir. 2000), "[i]nsuring that a defendant is present both for trial and for punishment is critical to a prosecutor's discharge of her duties . . . . Indeed, if a convicted defendant is not available for punishment, the prosecution itself would be rendered pointless."

*Affirmed.*

CIKLIN, C.J., and STEVENSON, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***