Harvey SMITH

v.

Walter ROSENBAUM et al.

Civ. A. No. 42520.

United States District Court, E. D. Pennsylvania.

July 1, 1971.

Robert L. Pratter, Duane, Morris & Heckscher, Philadelphia, Pa., for Harvey Smith.

Morris Paul Baran, Philadelphia, Pa., for Walter Rosenbaum and Vernon Marks.

Sidney Grobman, pro se.

JOHN W. LORD, Jr., Chief Judge.

The above entitled action was tried on November 30, December 1, 2, 3, and 4, 1970. The Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The plaintiff is Harvey Smith, a citizen of the United States and the Commonwealth of Pennsylvania. The plaintiff originally filed this action pro se alleging, inter alia, that defendants Walter Rosenbaum, Vernon Marks, and Sidney Grobman had, acting under color of law, custom, and usage, deprived plaintiff of rights secured to him by the Constitution and laws of the United States, and had conspired for the purposes of depriving the plaintiff of the equal protection of the law and equal privileges and immunities under the law and performed certain acts pursuant to the alleged conspiracy.

2. The defendant, Walter Rosenbaum, is a resident of the Commonwealth of Pennsylvania and is engaged in the business of being a bail bondsman with a regular place of business at 1721 North 17th Street, Philadelphia, Pennsylvania.

3. The defendant, Vernon Marks, is a resident of the Commonwealth of Pennsylvania and is engaged in the business of being a bail bondsman with a regular place of business at One North 13th Street, Philadelphia, Pennsylvania.

4. The defendant, Sidney Grobman, is presently Clerk of the Court of Common Pleas—Criminal Section, and was

at all times relevant to the instant case employed by the Commonwealth of Pennsylvania as Clerk of the Quarter Sessions Court of the County of Philadelphia.

5. The jurisdiction of this Court as to the present action is founded on 28 U.S.C. § 1343; 28 U.S.C. § 1443; 42 U.S.C. § 1983; 42 U.S.C. § 1985, and pendent jurisdiction.

6. On August 9, 1966, the plaintiff was arrested on a charge of carrying a concealed deadly weapon, for which bail was set at $300.00. The plaintiff paid defendant Rosenbaum $30.00 to post bail bond on plaintiff's behalf. Subsequently, the bail bond was posted and the plaintiff was released pending trial. The September Grand Jury subsequently returned Bill of Indictment No. 992 against the plaintiff on the aforementioned charge.

7. On September 12, 1966, the plaintiff was arrested on charges of illegal possession of narcotics and carrying a concealed deadly weapon, for which bail was set in the amount of $800.00. The plaintiff paid defendant Marks $89.00 to post a bail bond on his behalf. Subsequently, the bail bond was posted and the plaintiff was released pending a further hearing scheduled for September 19, 1966. At the hearing, bail was increased to $1,500.00. The plaintiff paid defendant Marks an additional $135.00 to post a bond to meet the increased bail in order that the plaintiff could remain at liberty until trial. The October Grand Jury subsequently returned Bills of Indictment No. 1867 and 1868 against the plaintiff on the aforementioned charges.

8. On September 13, 1966, the plaintiff was arrested on a charge of illegal possession of narcotics for which bail was set at $800.00. The plaintiff paid defendant Marks $89.00 to post a bail bond on his behalf. Subsequently, the bail bond was posted and plaintiff was released pending a hearing scheduled for September 20, 1966. At the hearing, bail was increased to $1,500.00. The plaintiff paid defendant Marks an ad-ditional $135.00 to post a bond to meet the increased bail in order that the plaintiff could remain at liberty until trial. The October Grand Jury subsequently returned Bill of Indictment No. 2145 against the plaintiff on the aforementioned charge.

9. On December 6, 1966, the plaintiff was arrested on a charge of attempted burglary and possession of burglary tools and was held in $1,500.00 bail.

10. On December 7, 1966, defendant, Vernon Marks, obtained bail pieces from the defendant, Sidney Grobman, who was the Clerk of the Quarter Sessions Court. These bail pieces were lodged as a detainer against plaintiff who was still incarcerated on his December 6, 1966 arrest.

11. The bail pieces covered plaintiff's bonds on Bills of Indictment September 1966 No. 992, October 1966 Nos. 1867 and 1868, and October 1966 No. 2145.

12. The defendant, Vernon Marks, filed the bail pieces against the plaintiff because of plaintiff's arrest of December 6, 1966, and because defendant, Vernon Marks, was not previously able to find plaintiff at the address listed on the plaintiff's Bail Bond Application.

## CONCLUSIONS OF LAW

1. Section 1983 of Title 42 of the United States Code provides that any inhabitant of this Federal District may seek redress in this Court, by way of damages, against any person or persons who, under color of law, statute, ordinance, regulation, or custom, knowingly subject such inhabitant to the deprivation of any rights, privileges, or immunities, secured or protected by the Constitution or laws of the United States.

2. The statute outlined above comprises one of the Civil Rights Acts enacted by the Congress under the Fourteenth Amendment to the Constitution. The Fourteenth Amendment to the Constitution provides that:

"No State shall make or enforce any law which shall abridge the privileges

**38**

or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

3. In order to establish his claim, the plaintiff must prove by a preponderance of the evidence the following facts: First: That the defendants acted under color of some law of the State;

Second: That the defendants' acts and conduct deprived the plaintiff of his Federal Constitutional right not to be denied or deprived of his liberty without due process of law; and

Third: That the defendants' acts and conduct were the proximate cause of injury and consequent damage to the plaintiff.

4. The act of lodging the bail pieces against the plaintiff did constitute an act under color of state law in that the Act of the Legislature of the Commonwealth of Pennsylvania of March 31, 1860, P.L. 427, § 8, 19 P.S. 53 provides the following:

"All sureties, mainpernors, and bail in criminal cases, whether bound in recognizance for a particular matter or for all charges whatsoever, shall be entitled to have a bail piece, duly certified by the proper officer or person before whom or in whose office the recognizance of such surety, mainpernors or bail shall be or remain, and upon such bail piece, by themselves, or their agents, to arrest and detain, and surrender their principals, with the like effect as in cases of bail in civil actions; and such bail piece shall be a sufficient warrant or authority for the proper sheriff or jailer to receive the said principal, and have him forthcoming to answer the matter or matters alleged against him: Provided, that nothing herein contained shall prevent the person thus arrested and detained from giving new bail or sureties for his appearance, who shall have the same right of surrender hereinbefore provided."

5. The act of lodging the bail pieces was justified in view of plaintiff's arrest of December 6, 1966 in that said arrest increased the scope of the surety's risk, and was covered by the terms of the contract, i. e. the Indemnity Agreement or Bail Contract, Plaintiff's Exhibits P–1, P–2, and P–3, in that paragraph six of said agreement provided:

"Sixth. * * * In the event of the failure of the principal of the bond to appear in court, or at the office of the Company whenever so required, *or in the event of the rearrest of the principal on another charge,* * * * the Company shall have the right to surrender the defendant without the return of any portion of the premium * * *." (Emphasis added.)

6. The act of lodging the bail pieces against the plaintiff was justified because of the plaintiff's failure to inform the bondsmen of a change of address, which is an implicit requirement of the contract in that paragraph six requires "the principal of the bond to appear in court, or at the office of the Company whenever so required."

7. The act of lodging the bail pieces did not constitute a breach of the contract by either of the defendants, Marks or Rosenbaum. Indeed, the possibility that the plaintiff might be rearrested and the surety surrender the plaintiff without return of premium was an expressed term of the Bail Contract.

8. The defendant, Sidney Grobman, was required by law to give a bail piece to any bondsman requesting same and he had no discretion to refuse such a request. Furthermore, judicial and quasi-judicial officers are immune from suit under 42 U.S.C. § 1983 when acting pursuant to a court directive. Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1969). A clerk of a county court is immune under the judicial immunity doctrine from liability in a civil rights action for acts performed in his official capacity. Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa.1967). Judicial officials acting as such are immune from suit un-

der Section 1983 of Title 42 U.S.C. and the term "judicial officials" within such a rule includes prosecuting attorneys, court clerks acting pursuant to direction, and, in most situations, court stenographers. United States ex rel. Johnson v. Specter, 262 F.Supp. 113 (E.D.Pa.1967). Therefore, this suit is dismissed as to Sidney Grobman by virtue of the doctrine of judicial immunity.

9. The plaintiff has failed to prove that any of his rights, privileges, or immunities under the Constitution have been violated by the defendants, Vernon Marks and Walter Rosenbaum, as a result of bail pieces being lodged against him as detainers. Indeed, the plaintiff has failed to prove the second element in his cause of action, i. e. that the defendants' acts and conduct deprived the plaintiff of a Federal Constitutional right not to be denied or deprived of his liberty without due process of law in that the plaintiff had contracted with defendants Marks and Rosenbaum to be deprived of his liberty if he were rearrested on another charge.

10. There has been no deprivation of a right without due process of law. Furthermore, there is no evidence of a "conspiracy" to deprive the plaintiff of a right, or a privilege, or an immunity.

11. The Court finds that there has been no conspiracy or acts done to deny or deprive the plaintiff of his liberty without due process of law, there has been no breach of contract, and there has been no unlawful retention of premiums.

### DISCUSSION

■ The common law would appear clear that a surety on a bail bond, or his appointed deputy, may take his principal into custody wherever he may be found, without process, in order to deliver him to the proper authority so that the surety may avoid liability on the bond. So long as the bounds of reasonable means needed to effect the apprehension are not transgressed, and the purpose of the recapture is proper in the light of the

surety's undertaking, sureties will not be liable for returning their principles to proper custody. Curtis v. Peerless Insurance Company, 299 F.Supp. 429 (D. C.Minn.1969). See generally, 8 Am. Jur.2d, Bail and Recognizance §§ 114–119 (1963); 8 C.J.S. Bail § 87c (1962).