Harvey SMITH, Appellant,

v.

Walter ROSENBAUM et al., Appellees.

No. 71–1371.

United States Court of Appeals, Third Circuit.

Argued March 16, 1972.

Decided June 8, 1972.

Robert L. Pratter, Duane, Morris & Heckscher, Philadelphia, Pa., for appellant.

John Mattioni, Philadelphia, Pa., for appellee Sidney Grobman.

Morris Paul Baran, Sporkin & Baran, Philadelphia, Pa., for appellees Walter Rosenbaum and Vernon Marks.

Before MAX ROSENN and JAMES ROSEN, Circuit Judges, and-VanARTSDALEN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Harvey Smith, filed a complaint in the District Court for the Eastern District of Pennsylvania, alleging, *inter alia*, that appellees had acted under color of state law to deprive him of rights secured under the United States Constitution and laws of the United States by issuing a bail piece [1] against him, revoking his bail, and retaining his fully paid bond premiums, all without notice to Smith. He also alleged that the bail bond agreements with the bondsmen, Rosenbaum and Marks, were illegal, entitling him to the return of his bail bond premiums. Appellee, Sidney Grobman, was at the time of this suit, a Clerk of the Court of Common Pleas, Criminal Section and employed by the Commonwealth of Pennsylvania as Clerk of the Quarter Sessions Court of the County of Philadelphia. Jurisdiction was claimed pursuant to 28 U.S.C. §§ 1343, 1443, 42 U.S.C. §§ 1983, 1985.

The case was tried before the district court judge without a jury and a judgment was entered in favor of appellees, Rosenbaum, Marks and Grobman. On January 14, 1971, Smith's post-trial motion for "Additional Findings of Fact" was denied. The judge's findings of fact and conclusions of law are reported in Smith v. Rosenbaum, 333 F.Supp. 35 (E.D.Pa.1971).

The evidence established that Smith was arrested four times in the period from August 9, 1966 to December 6, 1966. Rosenbaum and Marks posted bail bonds on his behalf after receiving premiums on three occasions. Smith was arrested on December 6, 1966 for the fourth time. Smith could not make bail and therefore was incarcerated. On December 7, 1966,[2] Rosenbaum and Marks lodged a bail piece with Grobman upon payment of the statutory fee [3] because they believed their risk had substantially increased and Smith had failed to report his change of address.

As a court clerk, Grobman performed a ministerial act mandated by statute; he has judicial immunity and cannot be sued under the provisions of the Civil Rights Act, 42 U.S.C. § 1981 et seq., Marcedes v. Barrett, 3 Cir., 453 F.2d 391 (1971), Robinson v. McCorkle, et al., 3 Cir., 462 F.2d 111 (Argued March 14, 1972), and cases cited therein.

We have carefully examined the record before us and agree with the trial judge that Smith was not deprived of any federally protected rights; nor has there been a breach of the bail bond

1. A bail piece is a document which a bondsman may obtain from the Court Clerk and is used to revoke bail previously posted by the bondsman. The Act of 1860, March 31, P.L. 427, § 8, 19 P.S. § 53 provides that:

   "All sureties, mainpernors and bail in criminal cases, whether bound in recognizance for a particular matter or for all charges whatsoever, shall be entitled to have a bail piece, duly certified by the proper officer or person before whom or in whose office the recognizance of such surety, mainpernors or bail shall be or remain, and upon such bail piece, by themselves, or their agents, to arrest and detain, and surrender their principals, with the like effect as in cases of bail in civil actions; and such bail piece shall be a sufficient warrant or authority for the proper sheriff or jailer to receive the said principal, and have him forthcoming to answer the matter or matters alleged against him: Provided, That nothing herein contained shall prevent the person thus arrested and detained from giving new bail or sureties for his appearance, who shall have the same right of surrender hereinbefore provided."

2. On December 7, 1966 when Rosenbaum and Marks filed bail pieces, Smith was in prison on the December 6th, 1966 charge because of his inability to make bail.

3. The Act of 1959, Oct. 14, P.L. 1314, § 1, as amended 1961, Sept. 2, P.L. 1155, 17 P.S. § 442.1, provides that a fee of three dollars ($3.00) is to be paid for the issuance of a bail piece.

agreements requiring the return of the premiums.[4]

The July 1, 1971 judgment of the District Court in favor of appellees Rosenbaum, Marks and Grobman and against appellant Harvey Smith will be affirmed.

4. Smith argues on appeal that "the bail bond form agreements which appellant [Smith] was required to sign are illegal, thereby entitling appellant to the return of the bail bond premiums." Appellant's brief p. 13. This is inconsistent with the allegation in the amended complaint that Rosenbaum and Marks "breached their agreements" with him. App. 11a.