503 A.2d 450

**COMMONWEALTH of Pennsylvania**

v.

**Theodore P. RUSS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1985.

Filed Jan. 17, 1986.

446

Joshua D. Lock, Harrisburg, for appellant.

Katherene E. Holtzinger-Conner, Deputy District Attorney, Harrisburg, for Com., appellee.

Before WICKERSHAM, ROWLEY and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Appellant challenges his conviction for official oppression,[1] claiming that possible jury exposure to a newspaper article identifying him as an "ex-bondsman" entitles him to a new trial, and that the Commonwealth did not establish an essential element of the crime—that appellant was acting in an official capacity. We find appellant's arguments to be meritless and affirm the judgment of sentence of the court below.

■ This case arose when appellant, a bail bondsman, apprehended his bail jumping principal, George Carroll, in

1. 18 Pa.Cons.Stat.Ann. Sec. 5301 (Purdon 1983).

Philadelphia. Appellant transported Carroll to Harrisburg in the trunk of a car, and drove through that city with the bail-jumper tied to the roof of the car as an example to others tempted to flee justice to appellant's financial detriment. During appellant's trial an article about an automobile accident involving appellant appeared in a local newspaper. The article referred to appellant as an "ex-bondsman." This is not sufficient reason to grant appellant a new trial. The article did not concern the case against appellant, and appellant offers no showing of prejudice. Additionally, the trial court instructed the jury to consider only the evidence offered in the courtroom. There is no reason to believe they did not comply with that instruction.

■ Appellant argues that he was not acting in an "official capacity" when he apprehended Carroll because he is not a public official. Performance of the crime of official oppression is not limited to persons commonly thought of as public officials. The evil that the law seeks to prevent is the unlawful abuse of official authority. *See Commonwealth v. Checca,* 341 Pa.Super. 480, 491 A.2d 1358 (1985); *See also Commonwealth v. Stumpo,* 306 Pa.Super. 447, 456, 452 A.2d 809, 814 (1982) ("there is no requirement that the forbidden acts be those which only an official can perform"). It applies to any "person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity." 18 Pa.Cons.Stat.Ann. Sec. 5301 (Purdon 1983).

■ Appellant, as surety on Carroll's bail bond, was entitled to "take his principal into custody in order to deliver him to the property authority ... (s)o long as the bounds of reasonable means to effectuate the apprehension (were) not transgressed...." *Smith v. Rosenbaum,* 333 F.Supp. 35, 39 (E.D.Pa.1971). When he apprehended Carroll, appellant was acting as surety on Carroll's bond, as a bail bondsman. In this capacity appellant had authority to take Carroll into

custody. Appellant violated the statute when he abused that authority.

Judgment of sentence affirmed.