### Ronald POKRANDT and Richard Pokrandt

v.

Claude A.L. SHIELDS; Earl H. Matz, Jr.; Richard K. Freed; Stephen M. Lukach, Jr.; Blair Warner; Joseph F. McCloskey; Donald D. Dolbin; Wilbur H. Rubright; William E. Baldwin; D. Michael Stine; and Court of Common Pleas, 21st Judicial District.

Civ. A. No. 90–5875.

United States District Court, E.D. Pennsylvania.

April 17, 1991.

Ronald Pokrandt and Richard Pokrandt, pro se.

James M. Sheehan, Harrisburg, Pa., for Warner.

Howard M. Holmes, Philadelphia, Pa., for Matz, McCloskey, Dolbin, Rubright, Baldwin and Stine.

Frank R. Cori, Pottsville, Pa., for Shields and Lukach.

Sue A. Unger, Deputy Atty. Gen., Philadelphia, Pa., for Freed.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs Ronald and Richard Pokrandt,[1] proceeding *pro se*, filed this civil rights suit alleging claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, as well as direct claims under various articles and amendments to the United States Constitution[2] against the following defendants: District Justice Earl H. Matz, Jr.; President Judge Joseph F. McCloskey; Judge Donald D. Dolbin; Judge Wilbur H. Rubright; Judge William E. Baldwin; Judge D. Michael Stine; Schuylkill County District Attorney Claude A.L. Shields; Corporal Richard K. Freed of the Pennsylvania State Police; Stephen M. Lukach, Jr., Schuylkill County Clerk of Courts; Blair Warner, Assistant Public Defender for Schuylkill County; and the Court of Common Pleas of the 21st Judicial District, also known as the Court of Common Pleas of Schuylkill County. Plaintiffs also invoke the pendent jurisdiction of this federal court, alleging causes of action under various sections of the Pennsylvania Constitution.

All of the defendants have filed motions to dismiss. The judicial defendants filed a motion to dismiss; defendants Shields and Lukach filed a second motion to dismiss; defendant Warner filed a third motion to dismiss; and defendant Freed filed a fourth motion to dismiss.

### I.

In resolving a motion to dismiss, the court must accept as true all the well-pleaded factual allegations in the complaint, construe the complaint in the light most favorable to the plaintiffs, and determine whether, under any reasonable interpretation of the pleadings, the plaintiffs may be entitled to relief. *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 506 (3d Cir.1985); *Helstoski v. Goldstein*, 552 F.2d 564, 565 (3d Cir.1977) (per curiam). "[T]he court primarily considers the allegations in the complaint, although matters of public record ... and exhibits attached to the complaint may also be taken into account." *See* 5A Wright and Miller, Federal Practice and Procedure § 1357.

### II.

On December 7, 1989 at about 10:45 p.m., defendant Corporal Richard K. Freed, a Pennsylvania State Police Officer, arrested plaintiff Ronald Pokrandt after failing three sobriety tests for driving under the influence of alcohol in violation of 75 Pa. Cons.Stat.Ann. § 3731(a)(1). *See* Complaint at ¶¶ 23–24; Arrest Warrant Affidavit, attached to and incorporated in the Complaint at Exhibit G-1. Pursuant to Rule 130 of the Pennsylvania Rules of Criminal Procedure, defendant Freed released plaintiff Ronald Pokrandt at approximately 12:30 a.m. on December 8, 1989, informing him that he would receive a summons charging him with driving under the influence. *See* Arrest Warrant Affidavit, attached to and incorporated in the Complaint at Exhibit G-1.

On December 11, 1989, defendant Freed, filed an Arrest Warrant Affidavit before District Justice Earl H. Matz, Jr. of Magisterial District No. 21-3-08, Schuylkill County. The Arrest Warrant Affidavit states:

---

**1.** Richard Pokrandt is Ronald Pokrandt's father. Both are adult individuals residing in Tamaqua, Pennsylvania. *See* Complaint at ¶¶ 1 & 2.

**2.** Plaintiffs brought direct claims under the following articles of the United States Constitution:

article I, section 10, clause 1; article IV, section 1; and article VI, clause 2. Plaintiffs also brought direct claims under the following amendments of the United States Constitution: amendments I, V, IX, and XIV.

On Thursday evening, the seventh of December, 1989 Trooper Thomas I. Maley, of Schuylkill Haven and this officer were northbound along State Route # 183 when a red and gray Dodge with Pennsylvania registration and a white Pontiac with Pennsylvania registration were observed weaving back and forth in wild fashion while traveling north. As this officer attempted to pull over both vehicles along the east berm just north of the Berks line within Wayne Township of Schuylkill County about 2245 hours the white Pontiac Firebird fled south as the 1976 Aspen with registration # TAS373 was stopped. A strong odor of brewed beverage and an unsure walking manner was apparent as the operator identified himself as Ronald (NMN) Pokrandt of R.D. # 3, Box 182, Tamaqua, Pennsylvania, 18252 with three registration transfer forms for the vehicle. He also produced British West Indies driver license # 199447, issued for ten years during 1984. After informing this officer that he had consumed several beers prior to being stopped a series of three field sobriety tests were administered by this officer upon the operator at the scene: Horizontal Gaze Nystagmus, Walk and Turn, and One Leg Stand, each of which the operator failed. The operator was then placed under arrest and transported to the Schuylkill Haven Station, during which time his constitutional rights, the implied consent law, and that he had no right to have counsel before or during breath or blood testing. At the station this officer requested the operator to submit to an Intoxilyzer test and was refused and later at the Good Samaritan Hospital he refused a blood test. He later refused to be processed and was released on station about 0030 hours on 12/08/89 to Scott P. Anderson and informed that he would receive a summons.

*See* Arrest Warrant Affidavit, attached to and incorporated in the Complaint at Exhibit G–1. After reviewing the Arrest Warrant Affidavit, District Justice Matz certified Complaint No. 244–89 charging plaintiff Ronald Pokrandt with driving under the influence of alcohol in violation of 75 Pa.Cons.Stat.Ann. § 3731(a)(1).

On February 8, 1990, a preliminary hearing was held before District Justice Matz, during which he informed plaintiff Ronald Pokrandt of the charges filed against him of driving under the influence of alcohol. At the conclusion of the preliminary hearing, District Justice Matz ruled that the Commonwealth had presented enough evidence to establish a prima facie case against plaintiff Ronald Pokrandt on the charge of driving under the influence of alcohol, set bail at $1,000.00 (ROR), and remanded the case to court for final disposition.

Plaintiff Ronald Pokrandt was served with a notice of the arraignment, pre-trial conference, and trial dates, as well as a copy of the information. Pursuant to this notice, on March 5, 1990, he appeared at the office of District Attorney for Schuylkill County in the Schuylkill County Courthouse in Pottsville, Pennsylvania. Defendant Warner in his capacity as Assistant Public Defender for Schuylkill County arraigned plaintiff on the charges of driving under the influence of alcohol. Defendant Warner informed plaintiff of the charges against him by referring to the Information, which plaintiff Ronald Pokrandt had in his possession. This fact is attested to by both plaintiff Ronald Pokrandt and his friend James L. Lutz. *See* Affidavits of Ronald Pokrandt and James L. Lutz, attached to and incorporated in the Complaint as Exhibit C. Defendant Warner then instructed plaintiff that, if it was plaintiff's intention to plead "not guilty," plaintiff should so indicate by placing his signature on the reverse side of the Information. After conferring with Mr. Lutz, plaintiff Ronald Pokrandt placed his signature on the Information acknowledging that he had been arraigned and that it was his intention to plead not guilty.

Plaintiff Ronald Pokrandt proceeded to jury trial on September 12, 1990, and the jury found him guilty of driving under the influence of alcohol in violation of 75 Pa. Cons.Stat.Ann. § 3731(a)(1). In addition, the court found plaintiff Ronald Pokrandt

guilty of two summary offenses: (1) driving without a valid driver's license in violation of 75 Pa.Cons.Stat.Ann. § 1501(a) and (2) following another vehicle too closely in violation of 75 Pa.Cons.Stat.Ann. § 3310(a).

On September 24, 1990, plaintiff Ronald Pokrandt filed a post-trial motion seeking, among other things, to have the verdict set aside. On October 29, 1990, plaintiff filed another post-trial motion entitled "Motion to Deem Post Trial Motions Unopposed." As of the signing of this memorandum, both motions are still pending before the Court of Common Pleas of Schuylkill County.[3]

In Count One of the Complaint, plaintiffs allege that, at the preliminary hearing before District Justice Matz, defendant Matz and a representative of the District Attorney's Office "did in fact combine to inhibit, hinder, prohibit, and cause to be of none [sic] affect, the defense of the plaintiff." *See* Complaint at ¶ 37. Allegedly, District Justice Matz "did ... go into his office (private office) with one Jacqueline Russell and defendant Freed, and conspire with one and other [sic] against the Plaintiff." *See* Complaint at ¶ 39. Plaintiffs also allege a conspiracy to deny plaintiff Ronald Pokrandt "his constitutional right to assemble with a fellow Citizen [presumably Ronald Pokrandt's father, plaintiff Richard Pokrandt, who was also present at the hearing], and to peaceably petition, address, and remonstrance before such district justice Matz." *See* Complaint at ¶ 38.

In Count Two, plaintiffs allege that, at the preliminary hearing, District Justice Matz prohibited plaintiff Ronald Pokrandt from "free association" with his father Richard Pokrandt and his friend James Lutz, whose role in the proceedings is not clear, by limiting their conversations with one another during the course of the hearing. *See* Complaint at ¶¶ 41–42. Plaintiff states that this action resulted in a "denial of, and a prohibiting of the Plaintiff's abso-lute right to defend himself, in any manner he chose." *See* Complaint at ¶ 43.

In Count Three, plaintiffs allege that, between December 11, 1989 and February 8, 1990, District Justice Matz and Corporal Freed "did in fact conspire to deny the Plaintiff Ronald Pokrandt the due process and the equal protection of the law." *See* Complaint at ¶ 44. Plaintiffs contend that, since District Justice Matz had issued the arrest warrant, he could not impartially and objectively preside over the preliminary hearing held on February 8, 1990. Plaintiffs allege that the preliminary hearing was a "knowing, wilful, and deliberate denial of the equal protection of the law, by an unlawful combination of the two Defendants Matz and Freed, specifically to cause the Plaintiff [Ronald Pokrandt] damage." *See* Complaint at ¶¶ 44–45.

In Count Four, plaintiffs allege that the judges from the Court of Common Pleas of Schuylkill County conspired with the Public Defender "so as to create the illusion that an 'arraignment' required by law, had occurred," and that this conspiracy denied plaintiff Ronald Pokrandt due process and equal protection of the law. *See* Complaint at ¶¶ 46–47.

In Count Five, plaintiffs allege that defendant Lukach, the Clerk of Court, "combined in an unlawful and illegal plan" with the District Attorney, the Court of Common Pleas, and the individual judicial defendants of that court, "to charge the plaintiff money, prior to allowing such plaintiff to file with the Court defensive pleadings." *See* Complaint at ¶ 48. Plaintiffs claim that these filing fees constitute "the knowing, willful, and deliberate sale of justice" which denied plaintiff Ronald Pokrandt equal protection of the law. *See* Complaint at ¶ 51.

In Count Six, plaintiffs allege that defendant Freed conspired with defendant Shields to have defendant Shields disapprove the private criminal complaints which plaintiff Ronald Pokrandt sought to file

---

**3.** On September 4, 1990, before his case even went to trial, plaintiff Ronald Pokrandt filed a petition in the Supreme Court of Pennsylvania entitled "Petition for Plenary Jurisdiction and/or to Implement Superintendency Powers." The Pennsylvania Supreme Court denied that petition by an order dated November 19, 1990.

against defendant Freed. Plaintiffs assert that the disapproval of Ronald Pokrandt's private criminal complaints resulted in the "denial of the due process and equal protection of the law, by Shields and Freed, in an unlawful and illegal combination to conspire against the Plaintiff [Ronald Pokrandt], os [sic] as to deny the Plaintiff equal protection of the law." *See* Complaint at ¶ 53.

In Count Seven, plaintiffs allege that defendant Freed "did unlawfully arrest and imprison the Plaintiff [Ronald Pokrandt] under the color and pretense of his office as a police officer" "in violation of the Plaintiff [Ronald Pokrandt's] right to be free." *See* Complaint at ¶¶ 56 & 57.

In Count Eight, plaintiffs allege that Judge Baldwin, and at a later date President Judge McCloskey, denied a motion for continuance presented to the court and that these judicial acts resulted from a conspiracy between defendant Shields and McCloskey to discriminate against plaintiff Ronald Pokrandt and to deny plaintiff Ronald Pokrandt the equal protection of the laws. *See* Complaint at ¶¶ 58–63.

Finally, in Count Nine, plaintiffs allege that the judicial defendants, the District Attorney, and the Clerk of the Courts of Schuylkill County "combined to deny and to deprive the Plaintiff [Ronald Pokrandt] his rights to the due process and the equal protection of laws of Pennsylvania." *See* Complaint at ¶ 64.

Plaintiff[4] requests the following: (1) a preliminary injunction, prohibiting defendants, as well as their "successors, attorneys, agents, etc., and anyone else acting for or with them, or at their direction from continuing or maintaining any policy, practice, custom, usage, that of which would deny or abridge the rights of the Plaintiff;" (2) a permanent injunction to the same effect; (3) a declaration that defendants "have been carrying on a 'de facto' governmental function, specifically designed to deny and abridge the rights of the Plaintiff;" (4) an award of costs; and (5) an

award of nominal, compensatory, and punitive damages.

### III.

Before discussing individually each of the four pending motions to dismiss, I shall discuss three preliminary matters which apply to all of the motions.

■ First, plaintiff Richard Pokrandt lacks standing, either on his own behalf or on behalf of his son, to bring any of the claims set forth in the complaint. Richard Pokrandt, fails to allege that he, as opposed to his adult son Ronald, was deprived of any rights and, therefore, injured. *Simpson v. Heckler*, 630 F.Supp. 736, 738–40 (E.D.Pa.1986). In addition, because Ronald Pokrandt is an adult, his father Richard has no standing to bring this lawsuit on behalf of his son. Hence, from this point on, whenever I refer to "plaintiff," I am referring only to Ronald Pokrandt.

■ Second, plaintiff's claims raised directly under various articles and amendments of the United States Constitution shall be dismissed because they are redundant and unnecessary. Indeed, section 1983 was designed to afford plaintiffs a cause of action for constitutional violations on the part of local government bodies and other state officials. *Rogin v. Bensalem Township*, 616 F.2d 680 (3d Cir.1980). Therefore, to allow plaintiff to maintain causes of action directly under various federal constitutional articles and amendments in addition to causes of action under section 1983 would be an exercise in redundancy, as well as a waste of judicial resources. *Rogin v. Bensalem Township*, 616 F.2d 680, 686 (3d Cir.1980); *Shirey v. Bensalem Township*, 501 F.Supp. 1138, 1144 (E.D.Pa. 1980); *Jones v. City of Philadelphia*, 481 F.Supp. 1053, 1056 (E.D.Pa.1979). I conclude that section 1983 provides an effective statutory remedy for all of plaintiff's claims and, thus, obviates the need for plaintiff's claims brought directly under various articles and amendments of the United States Constitution.

---

**4.** The "wherefore" section of the complaint, in which the requested relief is set forth, is written in terms of only one plaintiff—presumably Ronald Pokrandt. *See* Complaint at pp. 19–20.

Third, in light of the doctrine of abstention set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), this court lacks jurisdiction to consider plaintiff's request for declaratory and injunctive relief. Plaintiff requests this court to provide declaratory and injunctive relief which would directly affect plaintiff's ongoing state criminal proceedings. *See* Complaint at p. 19. In *Younger*, the Supreme Court of the United States held that, if a plaintiff seeks a federal injunction against allegedly unconstitutional state conduct and the plaintiff is, at the time he brings the federal action, already the defendant in a pending state criminal proceeding in which his federal constitutional claims may be raised, the federal court must deny the injunction in order to preserve the integrity of the state judicial system. The abstention doctrine set forth in *Younger* applies to declaratory relief as well as injunctive relief. *Samuels v. Mackell*, 401 U.S. 66, 69–74, 91 S.Ct. 764, 766–69, 27 L.Ed.2d 688 (1971). In other words, the *Younger* abstention doctrine precludes intervention by federal courts into on-going state criminal proceedings as long as the state proceedings provide an adequate forum for the resolution of plaintiff's federal claims. *Ford Motor Co. v. Insurance Comm'r of Commonwealth of Pa.*, 874 F.Supp. 926, 931–32 (3d Cir.1989). Accordingly, plaintiff's request for declaratory and injunctive relief shall be denied. Therefore, when I discuss each of the pending motions to dismiss, I shall only be analyzing the motion with respect to plaintiff's request for damages.

### A. Motion to Dismiss of Judicial Defendants

Plaintiff has named as a defendant the Court of Common Pleas of the 21st Judicial District, also known as the Schuylkill County Court of Common Pleas. Schuylkill County Court of Common Pleas is a component of the Unified Judicial System of the Commonwealth of Pennsylvania and, thus, a state entity under the supervision of the Supreme Court of Pennsylvania. Pennsylvania Constitution, article V, sections 1, 5, 7, and 10(a). It is well established that state judicial entities are *not* "persons" within the meaning of section 1983 and, therefore, cannot be sued under section 1983. *Mattas v. Supreme Court of Pennsylvania*, 576 F.Supp. 1178, 1182 (W.D.Pa.1983). *See also Delgado v. McTighe*, 442 F.Supp. 725, 728 (E.D.Pa. 1977). Consequently, plaintiff's claims against the Court of Common Pleas of the 21st Judicial District shall be dismissed.

The doctrine of judicial immunity is a bar to any suit for damages against the individual judicial defendants, who are "persons" within the meaning of section 1983. Judges are absolutely immune from liability for damages when (1) the judge has jurisdiction over the subject matter before him and (2) he is performing a judicial act. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 553–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967).

> This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Id.* at 554, 87 S.Ct. at 1218 (citation omitted). The doctrine of judicial immunity is essential to the preservation of an independent judiciary which will *not* be deterred by fear of vexatious suits and personal liability.

There is no question that, in the present case, the actions of the judicial defendants were judicial in nature—issuing

an arrest warrant; holding a preliminary hearing; maintaining appropriate order and decorum in the courtroom; and denying various motions. Consequently, the judicial defendants are immune from liability for damages, and plaintiff's claims against the judicial defendants shall be dismissed.

B. Motion to Dismiss of Defendants Claude A.L. Shields, District Attorney for Schuylkill County, and Stephen M. Lukach, the Clerk of Courts of Schuylkill County

■ According to the Complaint, defendant Claude A.L. Shields was at all times acting as District Attorney of Schuylkill County and within the scope of his prosecutorial duties. Therefore, defendant Shields is entitled to absolute immunity from a civil suit for damages under the Civil Rights Act. *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). *See also Spielman v. Hildebrand,* 873 F.2d 1377, 1382 (10th Cir.1989); *Cross v. Meisel,* 720 F.Supp. 486, 488 (E.D.Pa. 1989). Accordingly, the claims against defendant Shields shall be dismissed.

■ With respect to defendant Stephen M. Lukach, Jr., the Clerk of Courts of Schuylkill County, the complaint alleges that he violated plaintiff's civil rights by requiring plaintiff to pay a fee before accepting any motions in connection with the pending criminal action. Such fees are required by state law, and the mandatory fee schedule is set forth in 42 Pa.Cons.Stat. Ann. § 21061. In *Smith v. Rosenbaum,* 460 F.2d 1019 (3d Cir.1972), the court held that a clerk of court who performed duties required by statute had absolute immunity and could *not* be sued for damages under the Civil Rights Act. *Id.* at 1020. Courts have also held that clerks of court are entitled to immunity the same as judges. *Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir.1970). Consequently, plaintiff's claims against defendant Lukach shall be dismissed.

C. Motion to Dismiss of Defendant Blair P. Warner, Assistant Public Defender of Schuylkill County

In Count IV, plaintiff alleges that defendant Blair P. Warner, Assistant Public Defender of Schuylkill County conspired with defendants Shields, McCloskey, Rubright, Dolbin, and Baldwin "so as to create an illusion that an 'arraignment' required by law, had occurred." *See* Complaint at ¶ 46. Plaintiff also contends in Count IV that he was denied due process and equal protection of the laws when defendant Warner and his alleged co-conspirators "feigned to have performed an 'arraignment' of the plaintiff." *See* Complaint at ¶ 47.

■ It is an essential jurisdictional predicate for relief under section 1983 that the defendant was acting under color of state law. In order to state a viable section 1983 claim, plaintiff must plead two essential elements with specificity: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that defendant's conduct deprived plaintiff of a right, privilege, or immunity secured by the United States Constitution or law of the United States. With respect to defendant Warner, plaintiff fails to allege the requisite state action because defendant Warner does *not* act under color of state law, either in his capacity as Assistant Public Defender or in his individual capacity. *See Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

■ In an effort to establish the jurisdictional predicate of state action, plaintiff alleges a vague and ambiguous conspiracy among defendant Warner and other defendants who clearly were acting under color of state law. However, this bald assertion of conspiracy alone, unsupported by a single fact, does *not* satisfy the jurisdictional predicate of state action. Complaints based on the conspiracy provisions of the Civil Rights Act cannot rest on vague and conclusory allegations but must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff[ ]."

*Ross v. Meagan,* 638 F.2d 646, 650 (3d Cir.1981).

Even after the kindest, most liberal reading of plaintiff's complaint, one cannot reasonably assert that it alleges even one fact in support of plaintiff's theory of conspiracy. Even though *pro se* complaints are to be construed liberally and this court must accept as true all well-pleaded factual allegations (as opposed to allegations setting forth legal conclusions), the most sympathetic reading of plaintiff's complaint, as it pertains to defendant Warner, reveals no ground for the continued exercise of this court's jurisdiction.

█ Even if plaintiff had established that defendant Warner, Assistant Public Defender of Schuylkill County, conspired with the judicial defendants Shields, McCloskey, Rubright, Dolbin, and Baldwin "so as to create an illusion that an 'arraignment' required by law, had occurred," thereby establishing the requisite state action, plaintiff's claim against defendant Warner must, nonetheless, fail. In the Third Circuit, "public defenders acting within the scope of their professional duties are absolutely immune from civil liability under [section] 1983." *Black v. Bayer,* 672 F.2d 309, 320 (3d Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 230, 74 L.Ed.2d 182 (1982). *See also Ross v. Meagan,* 638 F.2d 646, 649 (3d Cir.1981); *Waits v. McGowan,* 516 F.2d 203, 205 (3d Cir. 1975); *Brown v. Joseph,* 463 F.2d 1046, 1049 (3d Cir.1972), *cert. denied,* 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1973). Therefore, plaintiff's claims against defendant Warner shall be dismissed.

### D. Motion to Dismiss of Defendant Corporal Richard K. Freed, a Pennsylvania State Police Officer

In Count I, plaintiff contends that defendant Corporal Richard K. Freed, a Pennsylvania State Trooper, conspired with District Justice Matz prior to plaintiff's preliminary hearing to deny plaintiff the right to defend himself in any manner he deemed proper. There is no question that plaintiff has a right to defend himself. However, plaintiff does *not* have an absolute right to defend himself *in any manner he chooses,* just as an attorney does not have the right to defend a client in any manner he or she chooses. Federal and state laws place limitations on the manner in which an attorney defends his client as well as the manner in which an accused defends himself. *See, e.g.,* Federal Rules of Civil Procedure; Federal Rules of Criminal Procedure; Federal Rules of Evidence; Pennsylvania Rules of Criminal Procedure; 75 Pa.Cons.Stat.Ann. § 1547 (deeming consent to chemical testing of "breath, blood, or urine for the purpose of determining the alcoholic content of blood"); 42 Pa.Cons.Stat.Ann. § 2524 (prohibiting the unauthorized practice of law by individuals such as plaintiff's father).

█ In Count III, plaintiff alleges that defendant Freed conspired with defendant District Justice Matz to deny plaintiff due process. Plaintiff contends that defendant Freed participated in the preliminary hearing, knowing that the hearing was before the same district justice who had approved defendant Freed's arrest warrant for plaintiff. Plaintiff's conspiracy claim regarding the deprivation of the right to have a different district justice at the preliminary hearing fails because plaintiff does *not* have a constitutionally protected right to have one state district justice approve the summons for an arrest warrant and another state district justice preside at the preliminary hearing. There is simply no federal or state basis to support this alleged right. *See, e.g., Commonwealth v. Allem,* 367 Pa.Super. 173, 532 A.2d 845, 851–52 (1987) (no reason under state law why preliminary hearing before district justice who approved warrant would not result in a fair hearing). Therefore, even if defendant Freed did participate as alleged, he did *not* violate any of the plaintiff's constitutional rights.

█ In Count VI, plaintiff maintains that defendant Freed conspired with District Attorney Shields with respect to District Attorney Shields' disapproval of plaintiff's private criminal complaints, thereby denying him due process of law. This claim must fail because plaintiff has no federal or state protected right entitling

him to due process in bringing a private criminal complaint and overriding a district attorney's exercise of discretion. *See* Pa. R.Crim.P. 133 (requiring that all private criminal complaints be submitted to the attorney for the Commonwealth for approval or disapproval). *See also* Pa.Stat. Ann. tit. 16, § 1402; *United States v. Berrigan*, 482 F.2d 171 (3d Cir.1973) (allocation of scarce resources requires prosecutors' informed exercise of discretion); *Mummau v. Ranck*, 531 F.Supp. 402, 405 (E.D.Pa.), *affirmed*, 687 F.2d 9 (3d Cir.1982) (prosecutorial discretion); *Commonwealth ex rel. Specter v. Bauer*, 437 Pa. 37, 261 A.2d 573, 575–76 (1970) (district attorney's discretionary power to refrain from prosecuting). Therefore, even if defendant Freed contributed to the district attorney's decision to exercise his discretion and disapprove plaintiff's private criminal complaints, there was no constitutional violation.

█ In Counts III and VI, plaintiff alleges that his right to equal protection of the laws was violated when District Justice Matz presided over plaintiff's preliminary hearing and when District Attorney Shields disapproved plaintiff's private criminal complaints. The equal protection clause protects against the arbitrary classification of an individual or group of individuals by the government and provides that the government treat similarly situated individuals in a similar manner. *See Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982); *In re Asbestos Litigation*, 829 F.2d 1233, 1238 (3d Cir. 1987). Therefore, plaintiff's equal protection claims against defendant Freed must fail because plaintiff does *not* allege that defendant Freed treated him differently from other similarly situated individuals, i.e. other individuals arrested for driving under the influence. In addition, as already stated, plaintiff has no right (1) to have a district justice different from the one who approved his arrest warrant pre-

side over his preliminary hearing and (2) to have the district attorney approve his private criminal complaints.

Finally, in Count VII, plaintiff asserts that defendant Freed violated his constitutional rights by falsely arresting and unlawfully imprisoning him "in violation of his right to be free." *See* Complaint at ¶¶ 55–57. This assertion is premised upon the fact that defendant Freed arrested plaintiff for driving under the influence of alcohol and held him in custody for approximately two hours. However, plaintiff alleges no facts to support his claim that he was falsely arrested and unlawfully imprisoned. This may be because plaintiff seems to believe that he has an absolute right to be free—which of course is *not* true.

In the complaint, plaintiff concedes that he was charged with driving under the influence, that he had a preliminary hearing, and that he was formally arraigned. Furthermore, it is of public record that plaintiff was convicted by a jury on September 12, 1990 of driving under the influence and that plaintiff filed a post trial motion requesting, among other things, that the jury verdict be set aside.

Although defendant Freed's Arrest Warrant Affidavit is incorporated into plaintiff's Complaint by virtue of the fact that it is attached as an exhibit to the Complaint, *see* Exhibits G–1, G–2, & G–3, plaintiff never refutes the facts set forth in the Affidavit that, on December 7, 1989, he had been drinking and failed the three sobriety tests administered by defendant Freed. The only fact set forth in the defendant Freed's Arrest Warrant Affidavit that plaintiff disputes is the fact that he refused to have his blood tested at the Good Samaritan Hospital.[5] *See* Plaintiffs' Motion Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure at pp. 8–9.

█ As already stated, plaintiff has no absolute right to be free. To be consti-

---

5. Plaintiff argues that he did *not* refuse to have his blood tested, but rather refused to sign a document indemnifying the hospital. *See* Plaintiff's Motion Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure at pp. 8–9. The bottom line, however, is that without plaintiff's signature on the document the hospital would *not* perform the blood test. Therefore, this court does *not* consider defendant Freed's statement that plaintiff refused to have his blood tested to be a misstatement of the truth.

tutionally valid, a warrantless arrest must be supported by probable cause. *Commonwealth v. Merriwether*, 382 Pa.Super. 411, 555 A.2d 906, 910 (1989). Probable cause for a warrantless arrest exists when, "at the time of the arrest, the facts and circumstances within the officer's knowledge are 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *United States v. Glasser*, 750 F.2d 1197, 1205 (3d Cir.1984) (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964)). Defendant Freed pulled plaintiff over because he was driving in an unsafe manner. Plaintiff had a strong odor of brewed beverage and an unsure walking manner and admitted to defendant Freed that he had consumed several beers. In addition, plaintiff failed a series of three sobriety tests administered by defendant Freed. Based on these facts which are set forth in defendant Freed's Arrest Warrant Affidavit, incorporated into plaintiff's complaint, and not disputed by plaintiff, it is clear that defendant Freed had probable cause to arrest plaintiff for driving under the influence of alcohol.

The ultimate finding of guilt or innocence, or dismissal of charges arising out of an arrest and detention is not determinative on whether the arrest was valid. *Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). However, the fact that the jury found plaintiff guilty of driving under the influence of alcohol certainly corroborates the facts set forth in defendant Freed's Arrest Warrant Affidavit and my conclusion that, on December 7, 1989, defendant Freed had probable cause to arrest plaintiff for driving under the influence of alcohol. Therefore, defendant Freed did *not*, on December 7, 1989, falsely arrest or unlawfully imprison plaintiff.

Accordingly, all of plaintiff's claims against defendant Freed shall be dismissed.

## IV.

Plaintiff Ronald Pokrandt's complaint is frivolous and wholly without merit. In his twenty-page complaint supported by thirty-six pages of exhibits, which include both documents and affidavits, plaintiff has failed to allege any facts in support of his federal constitutional claims brought under the Civil Rights Act. His complaint is filled with nothing but bold allegations setting forth legal conclusions. Therefore, granting plaintiff leave to amend his complaint would be an exercise in futility serving to undermine the "important public policy [of] weed[ing] out the frivolous and insubstantial cases at an early stage in the litigation." *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir.1980).

For the reasons set forth above, I shall grant all of the pending motions to dismiss.