**Frances M. PETRONE, individually and as Co–Administratrix of the Estate of Lori Hand, Deceased, and Joann M. Petrone, individually, and as Co–Administratrix of the Estate of Lori Hand, Deceased, Plaintiff,**

**v.**

**PIKE COUNTY PROBATION DEPARTMENT, Pennsylvania Probation and Parole, Mark Titanski, in his official capacity, Jeffrey Angrotti, in his official capacity, Walter Van Beers, individually and in his official capacity, and Tri–State Family Counseling Center, Defendants.**

**No. 3:CV–02–813.**

United States District Court,
M.D. Pennsylvania.

Dec. 27, 2002.

[redacted]

318

Gregory J. Kowalski, Pansini & Lessin, Philadelphia, PA, for Plaintiff.

Harry Thomas Coleman, Scranton, PA, Patrick J. McMonagle, Philadelphia, PA, Naomi A. Plakins, Plakins Rieffel P.C., Doylestown, PA, for Defendants.

## ORDER

JONES, District Judge.

THE BACKGROUND OF THIS OR-DER IS AS FOLLOWS:

The facts underlying this dispute are well known and need not be restated here. For purposes of this order it is sufficient to note that this is a civil rights action brought pursuant to 42 U.S.C. § 1983 [1] by plaintiffs Frances Petrone and Joann Petrone in their capacities as co-administra-trixes of the Estate of Lori Hand. Ms. Hand was murdered by her husband James Hand on or about October 4, 2000. Plaintiffs have brought suit against defendants alleging *inter alia* that defendants Pike County Probation Department and Pike County Probation Officers Titanski and Angrotti ("the Pike County defendants" or "defendants") violated Ms. Hand's substantive due process rights by failing to inform Ms. Hand of her husband's long history of violent behavior towards women.

Plaintiffs initiated this action by filing a complaint in the Eastern District of Pennsylvania. The case was transferred to District Judge Richard Caputo in this Middle District of Pennsylvania on June 6, 2002. Thereafter, on September 18, 2002, the case was transferred to the undersigned.

On July 16, 2002, the Pike County defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Count I of plaintiffs' complaint, asserting violations of the deceased Lori Hand's substantive due process rights, should be dismissed. Defendants also move to dismiss the punitive damages claims asserted against them on the ground that punitive damages are not available against a public entity defendant or individuals in their official capacities for violations of § 1983. Finally, in the event that this Court dismisses Count I of the complaint, defendants argue that this Court should decline to exercise pendent jurisdiction over plaintiffs' Pennsylvania state law claims pursuant to 28 U.S.C. § 1338(b).

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *White v. Napoleon,* 897 F.2d 103, 106 (3d Cir.1990). In *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See District Council 47, American Federation v. Bradley,* 795 F.2d 310 (3d Cir.1986). The court will now discuss defendants' motions in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

**1.** "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

At the outset, we note that plaintiffs concede and we agree that the punitive damages claims against the Pike County defendants must be dismissed. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616(1981)(holding that punitive damages are unavailable under § 1983 against municipalities or against local officials acting in their official capacity); *see also Agresta v. Goode,* 797 F.Supp. 399, 410(E.D.Pa.1992). Our order will reflect this determination.

■ According to the United States Supreme Court, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States.[2] *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). *See also Pokrandt v. Shields,* 773 F.Supp. 758, 765 (E.D.Pa.1991), *Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir.1985), *Althouse v. Dallas County District Court,* 2002 WL 255478, *2 (N.D.Tex.2002). Here, defendants argue that plaintiffs have not adequately stated a claim for relief under § 1983 because the constitutional deprivation alleged cannot be fairly attributable to defendants' conduct.

Defendants' argument rests upon the Supreme Court's holding in *Martinez v. State of California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481(1980). In *Martinez,* the survivors of a murdered girl brought suit against a parole board and its officials, claiming that the defendants were liable for the damages caused by the parolee who murdered the deceased girl five months after his release from prison. The Supreme Court dismissed the § 1983 claims against the parole board and its officials, holding *inter alia* that the allegations contained within the complaint were too remote and therefore insufficient to demonstrate that appellees deprived the deceased of life within the meaning of the Fourteenth Amendment. *See id.* at 285, 100 S.Ct. 553. The Court noted, however, that its holding was limited to the particular circumstances in that case, where the parolee "was in no sense an agent of the parole board ... and was not aware that [the] decedent, as distinguished from the public at large, faced any special danger." *Id.* (citations omitted).

We agree with plaintiffs that the facts surrounding the instant matter are sufficiently distinct from those in *Martinez* so as to warrant a denial of defendants' motion.

■ In general, the state and its officials have no affirmative obligation to protect citizens from the violent acts of private individuals. *See DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 195–95, 109 S.Ct. 998, 103 L.Ed.2d 249(1989). Two exceptions to this general rule exist: (1) the special relationship exception, which "allows a plaintiff to recover when the state enters in to a special relationship with a particular citizen ... and fails, under sufficiently culpable circumstances, to protect the health and safety of the citizen to whom it owes an affirmative duty," *Morse v. Lower Merion School District,* 132 F.3d 902, 907(1997)(internal citations and quotations omitted), and (2) the state created

---

**2.** Defendants recognize that for purposes of this motion to dismiss, plaintiffs have adequately alleged that the Pike County defendants were acting under color of state law, that Ms. Hand was deprived of an interest in life and property, and that defendants acted with reckless indifference or callous disregard, so as to support a claim in violation of the Fourteenth Amendment under 42 U.S.C. § 1983. *See Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)(stating the elements of a § 1983 cause of action), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

danger exception which permits a plaintiff to recover "when, under certain circumstances, a state actor creates a danger that causes harm to an individual." *Cannon v. City of Philadelphia*, 86 F.Supp.2d 460, 465 (E.D.Pa.2000) (citations omitted). While we hold that plaintiffs may not proceed on the basis of a special relationship, we hold that plaintiffs have plead sufficient facts so as to allow them to advance their case on the basis of the state created danger exception.

Under the state created danger exception, a state actor may be held liable if: "(1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; and (4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur." *Kneipp v. Tedder*, 95 F.3d 1199, 1208(1996) (citations omitted). In this case, plaintiffs allege that the Pike County defendants knew that James Hand had violent propensities towards the women he was romantically involved with, that the defendants knew that James Hand had gotten married, and that the defendants' actions and omissions after Mr. Hand's release from prison created the opportunity to harm Lori Hand. For purposes of the instant motion to dismiss, we find that plaintiffs have plead sufficient facts so as to be permitted to proceed.

However, we hold that plaintiffs, as a matter of law, may not proceed with their claim on the basis of the special relationship theory of liability. "Under this doctrine, a state assumes [a duty to protect citizens from private harm] when it takes physical custody of a person or otherwise prevents him from helping himself." *Susavage v. Bucks County Schools Intermediate Unit No. 22*, 2002 WL 109615, *9

(E.D.Pa. Jan.22, 2002)(*citing D.R. by L.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364 (3d Cir.1992)(*en banc.*)). In *DeShaney*, the Supreme Court found that a special relationship existed where the state "by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety ..." *DeShaney*, 489 U.S. at 200, 109 S.Ct. 998. Here, because plaintiffs have not alleged facts demonstrating that defendants, through their affirmative conduct, placed Lori Hand in a custodial environment or otherwise restrained her personal liberty, we hold that the special relationship exception may not be utilized by plaintiffs as a basis for establishing defendants' liability. *See Susavage*, 2002 WL 109615 at *12 (stating that in order for a plaintiff to establish § 1983 liability on the basis of a special relationship, a plaintiff must allege facts that defendant, "through its affirmative conduct, ... placed [the injured party] in a custodial environment or otherwise restrained her personal liberty," that defendant "left [the injured party] without a reasonable means of self protection," that the defendant "knew or should have known of the risk" to the injured party, and that the defendant "failed to protect [the injured party] under circumstances demonstrating deliberate indifference").

Since we are ultimately denying the Pike County defendants' motion to dismiss Count I of plaintiffs' complaint, plaintiffs pendent state law claims will likewise endure.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' Pike County Probation Department and Pike County Probation Officers Titanski and Angrotti's Motion to

Dismiss (doc. 8) is granted in part and denied in part.

2. The motion to dismiss plaintiffs' punitive damage claim as against these defendants is granted.

3. Plaintiffs' remaining claims against these defendants remain intact.